[3,412.]

Ex Parte SANFORD J. BENNETT, upon Habeas Corpus.

ENTRY OF JUDGMENT IN VACATION.—A final judgment may be entered either in term time or vacation.

JUDGMENT IN CAUSE TRIED AT CHAMBERS.—Where a cause, of which the Court has jurisdiction, is tried at chambers, by consent of the parties, the judgment rendered therein is not necessarily void in the absolute sense, for want of a trial in open Court.

ENTRY OF JUDGMENT IN VACATION.—Where a cause has been submitted *in presenti*, a judgment may be entered in vacation. The power to enter the judgment is not dependent upon or affected by the fact of trial.

JURISDICTION DEFINED.—Jurisdiction is the power to hear and determine, or to hear without determining, or to determine without hearing.

SUBMISSION OF CAUSE "IN PRESENTI."—An order of Court that "upon the filing of the proofs and testimony as taken by the Court Commissioner, the case be submitted to the Court and decided at chambers, and the decision and judgment be entered as of this term of Court," is a submission *in presenti*.

THE petitioner was brought before Chief Justice WALLACE and Justices NILES and BELCHER, upon an application to be discharged from custody.

The other facts are stated in the opinion.

*Jackson Temple*, for the Petitioner.

*J. B. Southard*, for Respondent.

By the Court, WALLACE, C. J.:

In 1866 Susan Bennett filed her complaint in the District Court of Sonoma County, praying a divorce from her husband, Sanford J. Bennett, who subsequently in July of that year appeared in the action and filed his answer praying that the complaint be·dismissed.

The cause being at issue at the February Term of the Court for the year 1867, the following order in the cause was then made by the Court in open Court and entered on the minutes:

"Upon motion and consent of counsel of the respective parties in open Court, it is ordered that upon the filing of the proofs and testimony as taken by the Court Commissioner, the case be submitted to the Court and decided at chambers, and the decision and judgment be entered as of this term of Court."

On the 9th day of September, 1867, the Court having in the meantime adjourned for the term, the proofs and testimony were filed, and on the twelfth of the same month the cause was heard at chambers, without objection, both parties appearing by counsel, and on the twenty-sixth day of September, the Court not being then in session, a decree was rendered and entered as of the preceding June Term of the Court. By this decree the parties were divorced *a vinculo*— the custody of their infant child was awarded to the plaintiff, Susan—the defendant adjudged to pay her the sum of five hundred dollars for costs, expenses, and counsel fees incurred in the action, and also to pay to her monthly, in advance, the further sum of thirty dollars per month, to be applied by her to the support and education of the child. From this decree an appeal was taken to this Court by the defendant therein, which was dismissed at the April Term, 1872, under Rule Three, for failure to file the transcript of the record. At the June Term, 1872, of the District Court for Sonoma County, upon motion of the plaintiff, Susan, and it appearing that the defendant, who is the petitioner here, had refused to pay to her the sums of money awarded by the decree, or either of them, or any part thereof, though having the pecuniary ability so to do, he was, thereupon, adjudged by the Court to be guilty of a contempt in that behalf, and was adjudged to be imprisoned in the common Jail of said county until he should comply with the directions of the decree.

The defendant being in custody, now applies to be discharged upon writ of habeas corpus, upon the general ground that the decree, for alleged disobedience to which he is imprisoned, having been rendered at chambers, upon a trial of the cause had at chambers, and not in open Court, is null and void.

That a final judgment in an action may be entered either in term or vacation is not questioned. Such is the provision of the Practice Act (Sec. 144.) The principal objection

made for the petitioner, as we understand it, is that the cause was *tried* at chambers, and not in open Court; and it is said that there is no authority to try a cause except in open Court.

But even if this be so, we do not see that it would follow that a judgment rendered in a cause which had been tried at chambers would for that reason necessarily be void in the absolute sense.

The District Court in Sonoma unquestionably had jurisdiction of the subject matter and of the parties litigant. Had the Court itself rendered the judgment in question in open session at a regular term, without trial, without proof, and even without submission of the cause for decision, such judgment, however erroneous, would not be held void upon a mere collateral attack. To maintain that it would, would be to ignore the obvious distinction between a total want of authority upon the one hand, and the erroneous exercise of conceded authority upon the other.

The same general reasoning goes far to support the judgment rendered in this case.

If the order which has already been set forth as having been made at the February Term amounted to a submission *in presenti*, as contradistinguished from one to take effect only *in futuro* and *after the adjournment of the pending term of the Court*, then the case comes clearly within the one hundred and forty-fourth section of the Practice Act, authorizing the entry of judgment in vacation. In that view, the *power* to enter it in vacation, which is all we have to consider in this proceeding, would clearly result from the fact of the submission made in term time. It is a power, too, which is no more dependent upon or affected by the fact of trial had or trial not had than if the judgment had been entered in term time by the Court. The hearing of proofs, the argument of counsel—in other words, the trial had, or the absence of any

or all these—neither confer jurisdiction in the first instance, nor take it away after it has once fully attached.

Jurisdiction has often been said to be "the power to hear and determine." It is in truth the power to do both or either—to hear without determining, or to determine without hearing. And this brings us to consider the question which, we think, lies at the very foundation of the controversy, and which, we regret, has been barely alluded to upon the one side of the argument with which we have been favored, and hardly adverted to at all upon the other. That question is, as to the construction to be put upon the order of submission made at the February Term, as being a submission presently made or only to be thereafter made in vacation. The order, as entered upon the record, is certainly somewhat ambiguous in its structure, and its language is not of the clearest or its expression the most apt. Its prominent purpose, however, we think to have been to submit the cause "to the Court"—that is its exact language. This evidently could not be done if it must await an adjournment before it could take effect at all, since then there would no longer be a Court, in the proper sense of the term, as distinguished from the Judge of the Court sitting at chambers or in vacation, and we think that the intention of the parties was by this means to facilitate a decision in vacation, which could not be had unless the case were presently submitted in term, and that it was only the hearing of the cause which was provided to be had after the proofs should be fully presented for the consideration of the Judge. We are the rather inclined, too, to this construction, because if the meaning of the order be not entirely satisfactory in either view which may be taken, we should rather adopt that one which will effectuate instead of defeat the purpose which the good faith of the parties would suggest as the one really had in·view by them at the time.

The petition must, therefore, be dismissed, and the prisoner remanded; and it is so ordered.

Neither Mr. Justice Crockett nor Mr. Justice Rhodes participated in this opinion.