[Civ. No. 1107.   Second Appellate District.—May 1, 1912.]

R. H. HERRON COMPANY, a Corporation, Respondent, v. WESTSIDE ELECTRIC COMPANY, a Corporation, et al., Defendants; KERN RIVER MINING AND POWER COMPANY, a Corporation, Appellant.

FOREIGN CORPORATION—UNAUTHORIZED JUDGMENT BY DEFAULT—DOING BUSINESS IN STATE NOT SHOWN—SERVICE OF SUMMONS UPON PRESIDENT.—In an action against a foreign corporation, where the complaint shows that it is a foreign corporation, authorized by its charter to own stock in other corporations, and judgment was sought against it upon its statutory liability as a stockholder in a corporation organized under the laws of this state, but where neither the complaint nor the affidavit of service of summons upon its president shows that it is doing business in this state, or that it had a managing agent, cashier or secretary within the state, upon whom service of summons can be made, it was insufficient to support a clerk's judgment by default, under section 411 of the Code of Civil Procedure.

ID.—EFFECT OF OWNERSHIP OF SHARES IN DOMESTIC CORPORATION—"DOING BUSINESS IN STATE"—PRESIDENT NOT PRESUMED "MANAGING AGENT."—If it be conceded that the effect of the ownership of shares by a foreign corporation in a domestic corporation, organized under the laws of this state, constitutes a "doing business" by such foreign corporation in this state, it does not follow that the president of such foreign corporation who is served with summons shall be presumed to be the managing or business agent of such foreign corporation.

ID.—CLERK'S ENTRY OF DEFAULT JUDGMENT—MINISTERIAL DUTY—PRESUMPTION OF OTHER PROOF NOT INDULGED.—Where a default judgment is entered by the clerk, there is no such presumption of other proof as would attend such a judgment ordered by the court. The clerk's duty in entering a judgment by default is ministerial, and not judicial in its nature.

ID.—SUPPLEMENTAL AFFIDAVIT FILED LONG AFTER PERFECTING APPEAL NO PART OF RECORD.—A supplemental affidavit filed long after the perfecting of this appeal constitutes no part of the record to which the appellate court is entitled to look in determining the question presented by the record.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

S. S. Sanders, for Appellant.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Respondent.

JAMES, J.—This is an appeal taken by defendant Kern River Mining and Power Company from a judgment entered against it by default.  Plaintiff instituted the action to recover against the Westside Electric Company various sums of money for merchandise sold by it and several other vendors whose claims were assigned to plaintiff prior to the commencement of the action.  Judgment was sought against appellant upon its statutory liability as a holder of shares of stock of the Westside Electric Company.  In the complaint it was alleged that appellant was a corporation organized and existing under the laws of the territory of Arizona and authorized by its articles of incorporation to subscribe for, own and hold stock in other corporations.  It was not alleged that appellant was doing business in the state of California at the time of the service of summons, or at all, or that it had a managing agent, cashier, or secretary within this state.  The affidavit purporting to show service of summons recited that the person making the service had "on the twenty-ninth day of August, 1910, personally served summons in said action upon defendant Kern River Mining and Power Company, in said county of Los Angeles, state of California, by then and there delivering to and leaving with H. C. Shippe, an officer of said defendant, to wit, the president thereof, personally, another and separate copy of said summons annexed to another and separate copy of the complaint in said action."  Among other contentions made by appellant on this appeal, it is urged that the affidavit was insufficient to confer jurisdiction to enter the judgment.  Section 411 of the Code of Civil Procedure provides how summons must be served in order that jurisdiction be acquired against a foreign corporation.  Subdivision 2 of that section reads as follows: "2. If the suit is against a foreign corporation, or a nonresident joint stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary."  It was not made to appear either in the complaint of plaintiff or the affidavit of the person making the service of summons that the appellant at the time such sum-

mons was served upon its president, was engaged in any business in the state of California, or that it had in this state a managing or business agent, cashier, or secretary upon whom service of summons could be made. In *Jameson* v. *Simonds Saw Co.,* 2 Cal. App. 582, [84 Pac. 289], where a like question was under consideration, the court said: "Under the provisions of this section, in order that the court may get jurisdiction over a foreign corporation, it is requisite that such corporation shall be 'doing business' within the state at the time the summons is served, and that the service shall be made upon its agent who is managing that business, or upon its cashier or secretary." Even though it might here be said that because the appellant was at the time of the attempted service of summons the holder of a large number of shares of stock of the Westside Electric Company, a California corporation, it was then "doing business" within the meaning of the section of the code referred to, still it does not by any means follow that the president of a foreign corporation who is served with process within this state shall be presumed to be the managing or business agent of such foreign corporation. In our opinion, the affidavit of service was insufficient to show that the requisite jurisdiction had been acquired to authorize the entry of the default judgment.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 31, 1912, and the following opinion then rendered thereon:

THE COURT.—The argument made by respondent in its petition for rehearing would be pertinent had the default judgment appealed from been one which was entered by the court. In that case it would be presumed that all of the necessary facts as to the service of summons had been made to appear. The judgment-roll here exhibited shows that the clerk entered judgment upon an insufficient affidavit of service of summons, and we cannot assume that there was any other proof made of such service. The clerk's duty of entering a default judgment is a ministerial one and not judicial in its nature. The supplemental affidavit filed long after the per-

fecting of this appeal can constitute no proper part of the record to which we are entitled to look in determining the question presented.

Rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1912.