[Civ. No. 1198.   Third Appellate District.—December 31, 1913.]

## WILLIAM DURBROW, Appellant, v. J. P. CHESLEY, Respondent.

APPEAL—SUBSEQUENT ORDER OF TRIAL COURT CONSOLIDATING ACTIONS—WHETHER ABROGATES APPEAL.—An appeal from an order setting aside a default judgment is not abrogated by a subsequent order of the trial court consolidating the action with others pending in such court.

ID.—TAKING OF APPEAL—EFFECT AS DEPRIVING TRIAL COURT OF JURISDICTION.—After the taking and perfecting of an appeal to the supreme or appellate courts from a judgment or an order rendered or made by the superior court, the latter tribunal loses jurisdiction to make any order or to carry out any proceedings in the action which would have the effect of vitiating the appeal or preventing the review of all alleged errors brought up by a duly prepared and authenticated record.

APPEAL from an order of the Superior Court of Butte County vacating a default judgment.   H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. R. King, and Carleton Gray, for Appellant.

E. J. Corkin, for Respondent.

HART, J.—The respondent presents this motion to dismiss the appeal in this action from an order setting aside and vacating a judgment entered upon the default of said respondent in failing to answer the complaint within the time required by law after service upon him of the summons and a copy of said complaint.

The notice of motion states that the same "will be made upon affidavit served herewith, and on all the proceedings and pleadings in this action."

The affidavit, in substance, declares that several actions relating to the subject matter of the present action were and are pending in the superior court of Butte County, to wit: Action No. 6435, wherein one Joseph L. Wilson is the plaintiff, and one J. P. Chesley is the defendant; action No. 6441, in which one William Durbrow is the plaintiff and said J. P. Chesley is the defendant, and action No. 6442, wherein said J. P. Chesley is the plaintiff and said William Durbrow, said Joseph L. Wilson and one B. F. Johnson are the defendants; that, since the perfection of the present appeal, the said superior court of Butte County "has made an order that the three said actions be consolidated in one action."; that said order was made on the twenty-seventh day of October, 1913, "and that since the consolidation of said actions, this appeal has no significance and therefore could have no legal effect, its purpose having been abrogated by the consolidation."

There is no merit in this motion.

In the first place, it is to be observed that it does not clearly appear from the affidavit that the action involved in the present appeal is one of the several actions which were consolidated by the order of the court; but, assuming that this action is one of the three so consolidated, the order of consolidation could not have the effect upon this appeal claimed for it by counsel, for no proposition is better settled than that after the taking and perfecting of an appeal to the supreme or appellate courts from a judgment or an order rendered or

made by the superior court in an action, the latter tribunal loses jurisdiction to make any order or to carry out any proceedings in such action which would have the effect of vitiating the appeal or preventing the review of all alleged errors brought up by a duly prepared and authenticated record. "By the appeal from the order denying a new trial, the subject matter of that order was removed from the superior court, and while the appeal was pending that court had no jurisdiction to change the order" (*People* v. *Mayne,* 118 Cal. 516, [62 Am. St. Rep. 256, 50 Pac. 654]), or, it may be added, to make any other order or to do any act in the case materially affecting the order appealed from. And so it is true of a judgment or any appealable order from which an appeal has been taken. (See Hayne on New Trial and Appeal, p. 1216, et seq.) As is said by the author of that very excellent work: "While the cause is pending in the higher court, the effect of a perfected appeal is to preserve the rights of the parties to the controversy in the same condition as when the appeal was perfected. The *status quo* is preserved. The fruits of the litigation are guaranteed to the successful party, . . . Were it otherwise, few appeals would ever be prosecuted. The functions of the appellate jurisdiction would be rendered nugatory; for if those fruits were subject to be consumed by his adversary, pending the prosecution of his appeal, there would be no advantage in such prosecution." In other words and in brief, the remedy by appeal cannot be denied to an aggrieved party dissatisfied with the judgment or the order appealed from by an act of the trial court in the action, at the behest or on the motion of the respondent, after an appeal has been taken and is pending.

No reason has been disclosed justifying an order dismissing the appeal, and the motion to dismiss the same is, therefore, denied.

Chipman, P. J., and Burnett, J., concurred.