[Civ. No. 4693. Third Appellate District.—September 3, 1932.]

FRANK M. BAILEY, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

Harry A. Encell and Ernest S. Mitchell for Petitioner.

Hugh K. McKevitt for Respondents.

THOMPSON (R. L.), J.—This is a petition for a writ of *certiorari* to review the order of the Superior Court of Humboldt County dismissing petitioner's motion to dismiss an action for condemnation of a right of way for failure to pay the amount of money assessed, within thirty days after the rendering of final judgment, pursuant to section 1251 of the Code of Civil Procedure after an appeal from the judgment had been perfected.

The petitioner is the owner of certain real property in Humboldt County. The state of California, acting through its department of public works, brought an action in the superior court of that county to condemn a fraction of one acre of that land for highway purposes. January 25, 1932, judgment of condemnation was rendered and entered in that action assessing the value of the land to be taken at the sum of $12,200. On February 9, 1932, within thirty days after the entry of judgment, the plaintiff perfected an appeal from the judgment of condemnation. No money was paid upon this judgment by the plaintiff pursuant to section 1251 of the Code of Civil Procedure, or at all. On February 25th this petitioner, who was the defendant in the condemnation proceeding, moved the trial court for a judgment of dismissal of the action in eminent domain on the ground that the failure of the plaintiff to pay the sum of money which was

assessed within thirty days from the entry of judgment pursuant to section 1251, *supra*, constituted an abandonment of the condemnation proceedings and a waiver of all rights affected by the decree. On application of the plaintiff the motion to dismiss the condemnation suit was dismissed by the trial court on the ground that the perfected appeal stayed proceedings in that action, and that the court was without jurisdiction to dismiss the proceeding in eminent domain. This petition for a writ of review was then instituted.

The petitioner contends that the decree which was rendered in the eminent domain proceedings on January 25th was a "final judgment" of condemnation, and that failure to pay the judgment within thirty days from the entry thereof constituted an abandonment of the proceedings, in spite of the pending appeal from that judgment.

With respect to judgments in condemnation proceedings, section 1251 of the Code of Civil Procedure reads in part: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed." That portion of section 1255a, of the same code, upon which the petitioner relies reads as follows: " . . . Failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceedings."

▆▆ The petitioner's motion to dismiss the condemnation proceedings was presented to the wrong court. After an appeal from the judgment had been perfected to the District Court of Appeal, the trial court was without jurisdiction to entertain the motion to dismiss the action. (Sec. 949, Code Civ. Proc.; 2 Cal. Jur. 415, sec. 178; *Colusa etc. R. R. Co.* v. *Superior Court,* 31 Cal. App. 746; *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal. App. 186 [225 Pac. 877].) In 2 California Jurisprudence, page 415, section 178, it is said:

"The service and filing of a proper notice of appeal from final judgment in an action transfers the action from the superior court to the appellate court, and divests the superior court of further jurisdiction in the cause except as to matters not affected by the judgment or order appealed from. The trial court has no longer any power or control over the action, and cannot proceed further as to matters embraced in the judgment until the appeal is heard and determined and its jurisdiction is restored."

The well-settled rule above mentioned has been applied to condemnation proceedings. (*Colusa etc. R. R. Co.* v. *Superior Court, supra.*) In the Mt. Shasta Power Corporation case, above cited, a similar motion to dismiss the proceedings in a condemnation action was properly addressed to the appellate court and not to the trial court. If the result of a failure to pay the money assessed by the trial court in the present action amounted to an implied abandonment of the proceedings that abandonment did not occur until thirty days had elapsed after the judgment was rendered and entered. In the meantime the cause was transferred to the appellate court by the perfecting of an appeal, and the trial court thereby lost jurisdiction to entertain a motion to dismiss the proceedings on account of an implied abandonment or otherwise. The order of the trial court dismissing the petitioner's motion to dismiss the condemnation proceedings was therefore properly made. That order amounted to a denial of his petition to dismiss the condemnation proceedings.

In view of the fact that the trial court was without jurisdiction to dismiss the condemnation proceedings, it is unnecessary for this court to determine the question as to whether a failure on the part of the state to pay the amount of money which was assessed by the judgment in this case constituted an implied abandonment of the cause.

The order denying petitioner's motion to dismiss the condemnation proceedings is affirmed.

Plummer, J., and Preston, P. J., concurred.