[Civ. No. 9621. Second Appellate District, Division Two.—March 9, 1934.]

ROBERT EARL McGUIRE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George Acret for Petitioner.

Richard K. Gandy and Milan E. Ryan for Respondent Elsa Jeanne McGuire.

CRAIG, J.—A suit for divorce is pending between petitioner and his wife, Elsa Jeanne McGuire. The petition here is for the writ of *habeas corpus* and for an alternative writ of mandate, each of which was issued by this court. We have reached the following conclusions:  We have no doubt as to our power to entertain a petition for *habeas corpus*, where married parents of a child are separated and one desires to secure the custody of their child in possession of the other. (12 R. C. L., sec. 34; 29 Cor. Jur. 110.) In such a proceeding the question of first importance to be determined by the court is as to which parent should be awarded custody, having in mind the welfare of the child. This proposition needs no authority; That a superior court has no jurisdiction to award the possession of the child, under such circumstances, even tem-

porarily, to either parent without a legal hearing, except under a certain provision of the Civil Code not here involved; that in the instant proceeding it appears that no legal hearing was held by the superior court as a basis for the order which was made awarding the temporary custody to the mother, and that consequently this proceeding is legal and proper and it is incumbent upon this court to make an appropriate order concerning the temporary custody of the child herein involved.

The petition recites that while the infant, Elsa Jeanne McGuire, was in the custody of petitioner, its father, by reason of an order issued by the superior court, he relinquished its possession to the mother; that the order of the superior court was rendered after said court had received the report of an investigator of said court, and that at the time of receiving said report petitioner requested permission to introduce evidence supporting his claim to the award of said child; that the court refused to permit any evidence, and based its order solely upon the investigator's report. Previous to the making of said order a stipulation had been entered into by the petitioner and the mother of the child as follows: "The plaintiff's order to show cause re alimony, custody, etc., *pendente lite,* being returnable in department 46 of the above entitled court on the 24th day of January, 1934, commencing at the hour of 2:00 o'clock p. m., it is hereby stipulated that at the said time that said order to show cause is called for hearing the matter of the custody of the minor child of the parties may be referred to the court investigator. It is further stipulated that the hearing of said order to show cause may be continued for a period of three weeks. It is further stipulated that the report of said court investigator may be considered by the court as evidence at said hearing, together with any additional evidence said parties may desire to present."

It is urged by counsel for respondent that since under the terms of this stipulation the investigator's report might be received as evidence, a legal hearing was conducted and evidence was introduced, and that if the trial court was wrong in refusing the evidence which petitioner herein requested it to receive, error only was committed, but that the court in no way exceeded its jurisdiction. With this contention we are unable to agree. The stipulation must be read as a whole. This petitioner did not thereby consent

that the investigator's report should be received in evidence alone, but only, as the plain and unambiguous language of the stipulation specifies, "together with any additional evidence said parties may desire to present". If this language required construction, reasons which would impel parties to refuse consent to an investigator's report being received as the sole basis for a court's order are so obvious that we need not set them forth here. But the language of the stipulation admits of no question as to its meaning. We conclude, therefore, as above indicated, that the order itself was made without jurisdiction and is void.

It appears that the trial court has indicated that a full hearing may be had to determine the issue as to which parent shall be the infant's custodian upon application of either party and within five days after such request is made. In our opinion, also, the allegations of the petition are insufficient to put the issue of the immediate safety and welfare of the child before us. Under these circumstances we do not ourselves desire to take evidence and conduct a hearing upon that question, nor do we think the ends of justice would be best subserved by such a proceeding in this court.

It is represented that this child is two years of age. This being so, in the absence of proof that the mother is an improper person, or for any reason cannot to the best interests of the child have its custody, she is entitled to an order giving her its possession and control.

It is therefore our order that under the writ of *habeas corpus* the child be remanded to the temporary custody of the mother, pending the trial of the issue as to the custody and maintenance in the superior court. The alternative writ of mandate is discharged.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1934.