[Civ. No. 10933.   Second Appellate District, Division Two.—April 20, 1936.]

WILLIAM H. NEBLETT, Appellant, v. LEONA WALTON NEBLETT, Respondent.

R. Dean Warner, John G. Sobieski and E. Walter Guthrie for Appellant.

Joseph L. Lewinson and Donald Armstrong for Respondent.

WOOD, J.—Plaintiff obtained from defendant an interlocutory decree of divorce January 28, 1928, in which it was provided that defendant should have custody of the minor son of the parties under certain conditions and that plaintiff should pay to defendant the sum of $50 per month for the support of the child. On June 18, 1934, plaintiff filed an affidavit for an order to show cause in which he sought to modify the order providing for the child's custody. Defendant thereupon filed affidavits and had issued orders to

show cause by which she sought to increase the support allowance to $400 per month and to compel plaintiff to pay counsel fees in the sum of $5,000. At the hearing both parties were denied the relief sought except that certain changes were made in the order concerning the custody of the child and defendant was awarded counsel fees in the sum of $1500. Plaintiff appeals from the order for counsel fees.

Defendant's order cited plaintiff to show cause why he "should not pay to defendant's attorneys, Messrs. Joseph L. Lewinson and Donald Armstrong, the sum of $5000". Plaintiff now contends that, since he was not ordered to show cause why he should not pay counsel fees to defendant rather than to her attorneys, there is no basis in this proceeding upon which an order can be legally made requiring him to pay counsel fees to defendant. This contention cannot be sustained. The foundation for the order to show cause was the affidavit of defendant, in which she stated that she was "wholly without means to either employ an attorney or defray the costs to represent her and her said minor in said proceeding". Section 580 of the Code of Civil Procedure provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." In proceedings of this kind the affidavit may be considered as taking the place of the complaint referred to in this section. Plaintiff appeared and contested the matter. The relief granted was consistent with the allegations of the affidavit and with the evidence introduced and was embraced within the issues. The affidavit being considered as taking the place of the complaint, the order to show cause may be considered as taking the place of the prayer for relief. A prayer for relief cannot be the subject of demurrer. (*Bailey* v. *Dale,* 71 Cal. 34 [11 Pac. 804].) If the prayer asks for relief which cannot be granted the court may nevertheless grant other and appropriate relief. (*Miller* v. *Superior Court,* 59 Cal. App. 334 [210 Pac. 832].) Jurisdiction is determined by the allegations of the complaint, in this case the affidavit, and not by the prayer. (*Greenwood* v. *Greenwood,* 112 Cal. App. 691 [297 Pac. 589].) Moreover, plaintiff did not raise the question of the jurisdiction

of the court to order counsel fees paid to defendant but appeared at the hearing and contested the application upon several other grounds. In addressing the court counsel for plaintiff stated: "First, that the proposition with regard to the payment of attorneys' fees in connection with this matter or any other matter is covered by the contractual relationship between the parties; and, second, that they are seeking to assert attorneys' fees for services that have been rendered, not services to be rendered in the future." Manifestly the hearing was conducted upon the assumption that the issue involved was the right of defendant, rather than her attorneys, to have counsel fees awarded. It was apparently so understood by plaintiff for in his notice of appeal from the order (so designated) of August 6th, hereinafter referred to, he appeals "from that part of an order of the superior court of Los Angeles county entered on the 6th day of August, 1934, ordering the plaintiff to pay *to the defendant* as attorneys' fees the sum of $1500". The issue of the awarding of counsel fees to defendant was undoubtedly tendered at the hearing by the parties, both of whom treated the issue as if properly presented. Under such circumstances an award made, if otherwise legally proper, should be upheld. (*Slaughter* v. *Goldberg, Bowen Co.,* 26 Cal. App. 318 [147 Pac. 90]; *Russell* v. *Ramm,* 200 Cal. 348 [254 Pac. 532].)

The issues were submitted to the court for decision on July 20, 1934. The trial judge on August 6, 1934, filed a memorandum, part of which is as follows: "The part of said application that said decree of divorce be modified 'to permit defendant to take said minor child from the county of Los Angeles, state of California, for reasonable lengths of time, at reasonable intervals, as may seem just and reasonable to the court' should be and is granted. The attorneys' fee to be paid by said plaintiff to said defendant's attorneys, Messrs. Joseph L. Lewinson and Donald Armstrong, for representing said defendant in the matters of the proceedings and orders to show cause herein heard by this court in and during the month of July, 1934, is allowed and fixed at and in the sum of $1500." On the same day the clerk entered the following in the minutes of the court: "In this cause, heretofore submitted, the court now renders his decision and denies defendant's application for modification as

to amount of support for minor child but grants leave for defendant to take minor child from the county of Los Angeles for reasonable lengths of time at reasonable intervals and fixes the attorney's fees to be paid to defendant's attorney by plaintiff at $1500. (See memorandum on file.)'' On August 8, 1934, it was stipulated by the parties, upon plaintiff's request, ''That execution on any decree or order made by the court might be stayed for and including ten days from and after the date of said stipulation, or from the date of the signing of any formal order or decree herein.'' On August 18, 1934, plaintiff filed notice of appeal from the minute entry of August 6, 1934, which is referred to in said notice as an order. On August 29, 1934, the trial judge signed and filed a formal order and decree covering the various issues of the proceeding and providing among other things for a modification of the order previously in effect concerning the custody of the child and specifically setting forth certain weeks and months during which the child could be taken from the county of Los Angeles. It was provided in the said formal decree as follows: ''That, good cause appearing therefor, defendant's application for attorney fees should be, and the same hereby is, granted, except that attorney fees are allowed to defendant and fixed at and in the sum of fifteen hundred dollars ($1500), and plaintiff shall forthwith pay said sum to defendant.'' Plaintiff appeals from that part of the order which requires him to pay attorneys' fees to the defendant.

█ Plaintiff contends that the minute entry of August 6th was a final adjudication of the issues, that it is void on its face and that upon his filing notice of appeal on August 18, 1934, the trial court was without jurisdiction to make any further order in the premises. Defendant contends that the minute entry of August 6, 1934, was a mere memorandum for a later formal order and that it was embraced in and superseded by the order of August 29, 1934. The contention of defendant must be upheld. It has been held in a number of cases that a minute order may serve only as a memorandum for the entry of final judgment. In *Ferris* v. *Baker*, 128 Cal. 520 [59 Pac. 937], it was argued that an appeal from a formal order should be dismissed because it was taken more than six months after a previous minute entry of the court's decision. The court in rejecting this

contention said: "The order in this case was a mere narration by the clerk as follows: 'Defendants move the court for nonsuit on the grounds stated. Said motion is argued and thereupon granted.' The order did not show what were the grounds of the motion; it did not purport to be a dismissal of the action nor a judgment of any kind, and was, in fact, but a memorandum affording data from which a judgment or proper order might be drafted—similar to the minute made when a decision is announced directing that judgment pass for one party or the other. Obviously, no execution could have issued on such an order when a cause is submitted on evidence for both sides." In *Estate of Yale*, 208 Cal. 102 [280 Pac. 358], the court dismissed an appeal from the minute order and denied a motion to dismiss an appeal from a later formal order. The court said: "It is our conclusion, founded on a reading of the several minute orders and of that portion of the formal judgment hereinabove quoted, that the minute orders were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause. In such case an appeal is held to lie from a formal judgment." In *Scrimsher* v. *Reliance Rock Co.*, 1 Cal. App. (2d) 382 [36 Pac. (2d) 688], the court said: "But where the minute order was intended by the trial court and must have been understood by the parties to be, and served merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire cause, the appeal lies from the formal judgment and the time within which it may be taken begins to run from the date of its signing." See, also, *Macnevin* v. *Macnevin*, 63 Cal. 186; *Gullick* v. *Interstate Drilling Co.*, 111 Cal. App. 263 [295 Pac. 549].

In the minute entry of August 6, 1934, the clerk briefly set forth items taken from the memorandum signed by the judge. The memorandum was manifestly not intended to provide final disposition of the issues. The minute entry set forth that defendant was granted leave to take the child from Los Angeles County "for reasonable lengths of time at reasonable intervals" but did not set forth the length of time or the period at which the child could be taken from the county. These matters were set forth in full in the for-

mal order of August 29, 1934. The minute entry did not purport to cover certain modifications of the previous order concerning the custody of the child which were set forth in detail in the final order. It did not order payment of attorneys' fees but fixed the amount thereof. The minute entry was merely the guide for the preparation of a formal judgment. Apparently it was so considered by the parties, who stipulated two days later for a stay of execution for ten days "from and after the date of said stipulation, or from the date of the signing of any formal order".

The appeal from the minute entry of August 6, 1934, is dismissed. The order dated August 29, 1934, is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1936.