[L. A. No. 18329.   In Bank.   Dec. 22, 1943.]

HELEN MARY FEWEL, Appellant, v. RICHARD WM. FEWEL, Respondent.

Stewart, Shaw & Murphey and William L. Murphey for Appellant.

Reynolds & Painter and Howard Painter for Respondent.

SCHAUER, J.—We have before us two appeals, one from an order filed November 7, 1941, and one from a similar order filed January 5, 1942. Stripped of unnecessary details the record establishes that in a proceeding instituted by defendant to secure modification (after final judgment) of an order awarding to the plaintiff the custody of the two minor children of the parties, the trial court refused to hear evidence on the part of plaintiff and made the initial order of modification, which is the controlling subject of this appeal, based exclusively on the *recommendation* of a court investigator of domestic relations cases, provided for by section 261a of the Code of Civil Procedure. It appears that when the motion was called for hearing on October 1, 1941, the court indicated that it would refer the matter to its assistant for investigation and report, and that it instructed the parties, "You will all return—without witnesses because the report of the investigator will be final—with that understanding—November 7th at 10:00 o'clock." On November 7, the motion was again called for hearing and the court immediately stated, "We are going to adopt the recommendation of the investigator, gentlemen, I will say to you."

The recommendation referred to is a recommendation for an order and nothing more. It contains no statement of facts or of the reasons for the conclusions suggested. The investigator was not present for cross-examination. Counsel for plaintiff offered in evidence certain affidavits averring facts material to the issue before the court. These affidavits were ordered filed but were not read or considered by the court. The recommendation of the investigator was filed and on it were endorsed the words, "Approved and so ordered," and below them, the judge's signature. An appropriate minute entry was made.

Such procedure cannot be sustained. By it the plaintiff was denied the fair trial in open court to which she was entitled; she was deprived of the right to produce and have consideration given to material evidence; she was precluded from cross-examination of adverse witnesses; and the order rests upon no evidentiary foundation whatsoever. Such errors require a reversal of the order.

The fact that certain affidavits were in the files of the court, including that of defendant and those proffered by plaintiff, is immaterial in view of the showing that they were not considered by the trial judge. ▇ Likewise immaterial is the fact that a confidential factual report of the investigator had been given to the judge privately in chambers. Such confidential report had not been presented to the parties or filed at the time of the hearing and hence it cannot be considered as evidence in support of the order which was made.

▇ The purpose of the legislation providing for court assistants in the capacity of "investigators of domestic relations cases" to "assist the court in the transaction of the judicial business of said court" (Code Civ. Proc., § 261a) is obviously what the language used implies; i. e., to *assist* the court and not to *replace* it. The Legislature would have no power to substitute an investigator for a judge. Neither does such legislation authorize a trial court to deny to the parties any of the usual attributes of a fair trial in open court upon due notice.

▇ This does not mean that the court may not direct its assistant to ascertain and report evidence and make recommendations based thereon. The use of court assistants in performing various details of work which are preliminary or incidental to the exercise of the judicial power itself by the judges has long been recognized. In *People* v. *Hayne* (1890), 83 Cal. 111, 118 [23 P. 1, 17 Am.St.Rep. 217, 7 L.R.A. 348], this court declared the law as follows: "The great burden of the work of this court is that which is necessarily done in sifting the causes to ascertain from the mass of matter brought here in each case the truth and the law bearing upon it, preparatory to the processes of adjudication and judgment. To say that the court cannot be assisted in this preliminary work by men sworn to fidelity, learned in the law, unconnected with and unbiased in the causes, is to deny us unbiased assistance in the very direction in which we are bound to receive it, and do receive it, in every cause that comes before us, from counsel not equally free or likely to give us unprejudiced opinions and statements; and to deny us such assistance as courts of every grade have been accus-. tomed, time out of mind, to receive, without objection, in this country and in England. It is no more unconstitutional for this court to receive such assistance from commissioners des-

ignated by itself, or from *amici curiae*, than to accept similar assistance from the statements of fact and arguments of the counsel in the cause. As well might it be said that section 266 of the Code of Civil Procedure, which provides that the secretaries and bailiffs of this court shall hold their offices at the pleasure of the justices, and 'shall perform such duties as may be required of them by the court or the justices thereof,' is unconstitutional, and conferred upon those officers judicial power.

" 'The power to hear [examine] causes and report facts or conclusions to the court for its judgment is not judicial within the meaning of the constitution.' (*Shoultz* v. *McPheeters*, 79 Ind. [373] 378.) 'No action which is merely preparatory to an order or judgment to be rendered by some different body can properly be termed judicial. . . . It is the inherent authority not only to decide but to make binding orders or judgments which constitutes judicial power; and the instrumentalities used to inform the tribunal, whether left to its own choice or fixed by law, are merely auxiliary to that power, and operate on the persons or things only through its action and by virtue of it.' (*Underwood* v. *McDuffie*, 15 Mich. 361 [93 Am.Dec. 194].)"

The investigators of domestic relations cases occupy a position of importance in the court as adjuncts of the state judicial system (cf. *Noel* v. *Lewis* (1917), 35 Cal.App. 658, 662 [170 P. 857]). It is their province, under the direction of the judge, to "assist the court in the transaction" of that particular part of its judicial business which deals most intimately with the welfare of children of broken homes. They are in a position to produce for the judge evidence which might not otherwise be available at all and certainly not otherwise so expeditiously. As unbiased and trained observers they may gain at first hand information which is of vast importance to the court and to the children whose interests are involved, and also to the parents whose claims are just, all to the end of giving actual vitality to the proposition that the children's welfare shall be paramount in determining custody problems. They may see the homes in which the children live, they may call without previous notice of the exact time, they may observe whether children appear to be supervised or neglected, nourished or famished, happy or abused. They are far more than "messengers" of the judge without "province to recommend a decision."

The statements to the contrary in *Washburn* v. *Washburn* (1942), 49 Cal.App.2d 581, 589, 590 [122 P.2d 96], are too broad and are disapproved. But, as correctly declared in the Washburn case (at p. 589), "The power of decision vested in the trial court is to be exercised by a duly constituted judge, and that power may not be delegated to investigators or other subordinate officials or attachés of the court, or anyone else." ■ The reports of the investigators should be presented in affidavit form, or otherwise under oath, and an investigator, upon timely demand by any party, must appear like any other witness and testify subject to the rules of evidence and the right of cross-examination. It definitely is not the province of investigators to make a private factual report or recommendation to the judge, or any recommendation independent of the evidence upon which it is based. Also, as declared in *Prouty* v. *Prouty* (1940), 16 Cal.2d 190, 194 [105 P.2d 295], the report of an investigator "is advisory only and the trial judge always has the right [assuming that there is other evidence] to disregard it."

■ Plaintiff further contends that the order is void for want of jurisdiction by reason of the circumstances previously related, and cites *McGuire* v. *Superior Court* (1934), 137 Cal.App. 272, 275 [30 P.2d 61], as authority for her position. Such contention cannot be sustained. Admittedly the court here had jurisdiction over the subject-matter of the proceeding and over the parties and their children. Therefore, even though it received and considered no competent evidence, its order, though erroneous, was not beyond its jurisdiction or void. (*Ex parte Bennett* (1872), 44 Cal. 84, 88; *Johnston* v. *S. F. Savings Union* (1888), 75 Cal. 134, 139 [16 P. 753, 7 Am.St.Rep. 129]; *Gray* v. *Hall* (1928), 203 Cal. 306, 315 [265 P. 246]; *Mueller* v. *Elba Oil Co.* (1942), 21 Cal.2d 188, 206 [130 P.2d 961]; *Holland* v. *Superior Court* (1932), 121 Cal.App. 523, 531 [9 P.2d 531]; *Bley* v. *Dessin* (1939), 31 Cal.App.2d 338, 341 [87 P.2d 889].) The holding in the McGuire case (*McGuire* v. *Superior Court* (1934), *supra*, 137 Cal.App. 272 [30 P.2d 61], at p. 275) that the order therein described "was made without jurisdiction and is void," because assertedly not supported by competent evidence, is overruled. Neither, under the circumstances there related, was there a total lack of competent evidence nor would the order have been void if there had been such lack.

The record depicted in the opinion in that case shows error but not want of jurisdiction.

After the order of November 7, 1941, had been filed, and after the notice of appeal therefrom had been filed (on November 17, 1941), the trial court, on December 27, ordered filed *nunc pro tunc* as of November 7, a proffered supplemental affidavit by defendant. There was no order granting a new trial or reopening the case for further evidence. Thereafter, on January 7, 1942, the defendant served on counsel for plaintiff certain proposed findings of fact and conclusions of law, and on January 13, 1942, such proposed findings and conclusions were signed by the trial judge and filed. Antedating these purported findings and conclusions, on January 5, 1942, and erroneously reciting that "the court having made and filed its written findings, reference to which is hereby made," the court filed another document entitled "Order in re Custody, Care and Control of Minor Children." The provisions of this purported order, as to their effect on the custody of the children, are identical with those of the order which was signed and filed on November 7, 1941. An appeal is also taken from this later order.

The order endorsed on the paper containing the written recommendation of the investigator, which was signed by the trial judge and filed on November 7, 1941, considered in the light of the minute order which was then entered, and which minute order recited that "Recommendation of . . . court investigator is approved, filed and made the order of court," appears to have been intended to be an operative order of the court and is the order from which the initial appeal is taken. That order is not a mere memorandum such as was involved in *Neblett* v. *Neblett* (1936), 13 Cal.App.2d 304 [56 P.2d 969], but is an appealable order. The notice of appeal therefrom was filed on November 17, 1941.

Thereafter the trial court had no right to order defendant's supplemental affidavit to be filed *nunc pro tunc* as of November 7, 1941, and made a part of the record on appeal from the order of that date. Such supplemental affidavit cannot be said to correct the record to speak the truth as of November 7 because in truth it was not before the court on November 7. Likewise the purported findings of fact and formal order subsequently filed have no place in this record insofar as the appeal from such initial order is concerned and can-

not remedy the error committed on November 7. (See *R. H. Herron Co.* v. *Westside etc. Co.* (1912), 18 Cal.App. 778, 780 [124 P. 455]; *Durbrow* v. *Chesley* (1913), 23 Cal.App. 627, 629 [138 P. 917]; *Bailey* v. *Superior Court* (1932), 125 Cal. App. 748, 750 [14 P.2d 151]; *Linstead* v. *Superior Court* (1936), 17 Cal.App.2d 9, 12 [61 P.2d 355].)

The previously mentioned confidential report to the judge appears in the record for the first time as an exhibit attached to the purported findings of fact. Evidence which was never properly before the court in the first instance cannot thus be infused into the record to support the previously appealed from order. Regardless of whether the appeal filed November 17, 1941, divested the trial court of jurisdiction in the premises during the pendency of such appeal, the subsequently filed documents do not ameliorate the errors previously committed.

For the reasons stated the orders appealed from are reversed and the cause is remanded for further proceedings consistent with the views hereinabove expressed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., concurred.

TRAYNOR, J.—I concur in the result reached herein. I think it should be made clear, however, that an affidavit may not be used as evidence in cases of this kind. An affidavit is ordinarily excluded as hearsay. (See 6 Wigmore, Evidence (3d ed.), secs. 1709, 1710.) Section 2009 of the Code of Civil Procedure permits its use in a limited number of situations in uncontested cases but does not give it the character of evidence in a contested case. The fact that section 2009 permits its use "upon a motion" does not mean that the issues in a contested case may be determined and a judgment rendered on the basis of written statements of parties not before the court and therefore not subject to cross-examination. Where a motion is concerned not with an incidental procedural matter but with the fundamental substantive issues in controversy, and the order deciding it is in effect a judgment on the merits, the ordinary rules of evidence apply. (See *Lacrabere* v. *Wise*, 141 Cal. 554 [75 P. 185].) It should also be made clear that an affidavit of a court investigator appointed by the judge and reporting to the judge is

not within the intendment of the statute permitting a party to support his motion with affidavits procured and filed by himself.

Whether custody cases are of such a nature as to require a departure from these established principles is a question for the Legislature.