This is an appeal from an order denying appellant Lillian Schaeffer's petition for removal of the conservator of the person and *Page 161 
the estate of her husband, Malvern Schaeffer, and for appointment of herself as successor conservator. The sole issue on appeal concerns a report made by the conservatee's appointed counsel. Prior to ruling on the petitions, the court read and considered the report, but neither Mrs. Schaeffer nor her counsel were permitted to review the report. Mrs. Schaeffer contends that her due process rights were thus violated. We agree.
 Factual and Procedural Summary[1]
In March of 2000, Mrs. Schaeffer filed petitions for appointment of a temporary conservator and conservator of the person and the estate of her husband. She asked that she be appointed conservator. (Prob. Code, §1820) With the petitions, she submitted a declaration: she and her husband had been married for 49 years, his health and mental condition had declined, and he had put all community funds into his control, so that she had difficulty paying his nursing home fees and attending to investments. Mrs. Schaeffer also submitted a capacity declaration in which a psychologist opined that Mr. Schaeffer suffered memory impairment, was unable to care for himself and exercise appropriate social judgment, and had a pattern of symptoms which met the criteria necessary for diagnosing dementia.
The trial court appointed Mrs. Schaeffer as temporary conservator and also appointed an investigator. (Prob. Code, § 1454) In May, after reading the investigator's report (which is not in the Superior Court's file on this matter), the court on its own motion appointed Ronald Berman of the Probate Volunteer Panel to represent Mr. Schaeffer. (Prob. Code, § 1470)
On June 12, 2000, Berman reported that Mr. Schaeffer needed a conservator, but that he had said that he did not want Mrs. Schaeffer or any member of his family to be appointed. The report included Berman's opinions about Mrs. Schaeffer's motives and the state of the Shaeffers' marriage. They were not positive opinions, and Berman did not recommend Mrs. Schaeffer's appointment. In closing, Berman wrote that he had not faxed or mailed a copy of the report to all attorneys, although that was his usual practice, because he was afraid that if Mrs. Schaeffer got a copy, she would pressure Mr. Schaeffer until he changed his mind about her appointment. The report is, however, in the court file and was thus available to the parties.
Berman's report enclosed a capacity declaration from a physician who opined that Mr. Schaeffer did not suffer from dementia but could benefit from psychoactive drugs. *Page 162 
In June of 2000, respondent Jewish Family Services of Los Angeles ("JFS") was appointed conservator of Mr. Schaeffer's person and estate.
In March 2001, Mrs. Schaeffer filed petitions for the removal of JFS as conservator of Mr. Schaeffer's person and estate and for appointment of a successor conservator, asking that she be appointed. Her stated ground for the removal of JFS was that Mr. Schaeffer had expressed a strong desire that she be conservator of his person and estate. JFS objected to the petition on the ground that it failed to state facts sufficient to constitute cause for removal.
The petition was set for hearing in May of 2001. For the hearing, Berman submitted a new report and petition for fees. Neither Mrs. Schaeffer nor JFS was served with a copy. As noted, we have taken judicial notice of the report on our own motion. It is dated April 23, 2001 and reports that Mrs. Schaeffer had closed out Mr. Schaeffer's IRA, an act which Berman believed was improper. The report indicates that it attaches documentary evidence in the form of an IRA distribution authorization, but does not attach that document.
The report also includes an account of a March conversation between Berman's associate and Mr. Schaeffer, in which Mr. Schaeffer is reported to have said that he wanted his wife to be his conservator, but only because she had pressured him. Berman opined that in light of Mrs. Schaeffer's "miscreance" and the pressure she had put on her husband, she should not be appointed successor conservator.
Finally, Berman reported that he had not served a copy of the report on either JFS or Mrs. Schaeffer, fearing that if she saw the report, Mrs. Schaeffer would continue to pressure Mr. Schaeffer. He asked the court to keep the report in camera.
At the hearing, Mrs. Schaeffer, through her counsel, represented that she had not seen the report. The court replied, "That's right. You haven't. And you won't." Counsel said, "Well, that's a problem because we don't know exactly how the court is being influenced by the report. I only know what counsel has told me." The court ruled that the report "is to be reviewed by the court only. That's what we usually do, and it will not be available."
Counsel for Mrs. Schaeffer then made arguments about other factual issues. Mr. and Mrs. Schaeffer's daughter, Evonne Schaeffer, spoke on behalf of her mother's petition and also indicated that she was not satisfied with the services JFS had been providing to her father. *Page 163 
Berman informed the court that Mr. Schaeffer had indeed asked that his wife be conservator, then told the court that he would support an order naming Mrs. Schaeffer conservator of the person. However, he believed that there should be continuing court supervision of the estate, a result which could be obtained if Mrs. Schaeffer and one of her children were conservators. JFS told the court that it was willing to resign if the court wished to appoint another conservator, but represented that there was a question with regard to the fact that Mrs. Schaeffer had closed out Mr. Schaeffer's IRA, a matter which should have been dealt with by JFS.
The trial court then made a tentative ruling that JFS would remain as conservator of the estate and that Mrs. Schaeffer would be appointed conservator of the person. She declined the appointment. The court then sustained the objection, denied the petition for removal, awarded Berman the $2,040 in fees which he had requested, and ruled that Berman's April report, declaration, and request for fees was entered into evidence and "is sealed this date to be opened only by direct order of the Court."
The notice of ruling, signed by the court, states that the court ruled "having considered the Petition and Objections and the Report of the PVP Attorney submitted to the Court in confidence. . . ."
 Discussion[2]
Under Probate Code section 1470, subdivision (a), "The court may appoint private legal counsel for a ward, a proposed ward, a conservatee, or a proposed conservatee in any proceeding under this division if the court determines the person is not otherwise represented by legal counsel and that the appointment would be helpful to the resolution of the matter or is necessary to protect the person's interests." Nothing in the statute permits appointed counsel to make reports to the court which are not available to the parties, and we have found no other provision of law which would permit such a report to be kept from the parties.
Indeed, in other instances, the Probate Code requires that reports which are likely to contain sensitive information about a conservatee be provided to the parties. For instance, under Probate Code section1821, subdivision (a), a petition for appointment of a conservator must include supplemental information as to why the appointment is required. The statute also provides that the supplement "shall be confidential and shall be made available only to parties, persons given notice of the petition who have requested this supplemental information or who have appeared in the proceedings, their attorneys, *Page 164 
and the court." (Prob. Code, § 1821, subd. (a), emphasis added.) Similarly, a court investigator's report must be provided to the parties. (Prob. Code, §§ 1826, subds. (l) and (n); 1851, subd. (e); and 2684, subd. (g).)
The court's action here amounted to an ex parte proceeding or private investigation by the court. Ex parte proceedings are of course highly disfavored. (People v. Ayala (2000) 24 Cal.4th 243, 260.) They lead to "a shortage of factual and legal contentions. Not only are facts and law from the defendant lacking, but the moving party's own presentation is often abbreviated because no challenge from the defendant is anticipated at this point in the proceeding. The deficiency is frequently crucial, as reasonably adequate factual and legal contentions from diverse perspectives can be essential to the court's initial decision. . . ." (United Farm Workers of America v. Superior Court (1975) 14 Cal.3d 902, 908 [ex parte application for temporary restraining order].)
Similarly, trial judges are restricted from conducting independent investigations, since such a practice "amount[s] to a denial of due process, and certainly would deny to a litigant the fair and impartial trial to which he is entitled." (Noble v. Kertz Sons Feed Fuel Co. (1945) 72 Cal.App.2d 153, 158 [trial judge may not base findings on a personal inspection of accident scene, without presence or consent of the parties].) "To hold otherwise would permit the trial judge to base his findings on what he observed without giving the parties the opportunity to explain or to supplement such observations, or to cross-examine the witness." (Id. at p. 160; Rice v. Brown (1951) 104 Cal.App.2d 100, 106 [referee, like the court, may only make findings based on regularly admitted evidence].)
Fewel v. Fewel (1943) 23 Cal.2d 431 is somewhat analogous. There, the trial court refused to hear evidence concerning a child custody order, but based its ruling solely on the recommendation of a court investigator. Our Supreme Court found that "Such procedure cannot be sustained. By it the plaintiff was denied the fair trial in open court to which she was entitled; she was deprived of the right to produce and have consideration given to material evidence; she was precluded from cross-examination of adverse witnesses; and the order rests upon no evidentiary foundation whatsoever. Such errors require a reversal of the order." (Id. at p. 433; see also McLaughlin v. Superior Court (1983)140 Cal.App.3d 473, 481-482 [court policy forbidding cross-examination of family law mediator cannot constitutionally be enforced.) *Page 165 
Here, Mrs. Schaeffer was not even allowed to see the report the court relied on.[3] That report includes negative information about her financial dealings with her husband, their personal relationship, and the basis of the conservatee's wish to have her appointed conservator. As to the issue of financial dealings, the report indicates that documentary evidence is attached, but includes no such attachment. As to the personal relationship and Mr. Schaeffer's wishes, the report is replete with hearsay. Mrs. Schaeffer could not raise any of these objections or present any evidence or argument to counter the report, because she was not permitted to see it.
As spouse of the conservatee, Mrs. Schaeffer was authorized by statute to file a petition for removal of JFS as conservator and for appointment of a successor conservator. (Prob. Code, §§ 2650, 2681, .) The court's ruling forbidding her from seeing the second report meant that she was handicapped in her ability to present her petition and counter unfavorable evidence. Her due process rights were thus violated.
 Disposition
The May 8, 2001 order denying Mrs. Schaeffer's petition for removal of JFS as conservator is vacated. The order sealing the April 23, 2001 report by Robert Berman, conservatee's attorney, is also vacated. The matter is remanded for further proceedings consistent with this opinion. Each party to bear its own fees on appeal.
We concur:
TURNER, P.J.
GRIGNON, J.
[1] On our own motion, we have taken judicial notice of the Superior Court's file in this matter and of the report which was withheld from Mrs. Schaeffer and her attorney.
[2] JFS made no request for the report, and has taken no position on the question of its confidentiality.
[3] We cannot agree with JFS that there is no showing that the court was influenced by the Berman report, which we construe as a harmless error argument. The notice of ruling states that the court ruled "having considered the . . . Report of the PVP Attorney submitted to the Court in confidence . . ." and the transcript of the hearing bears that out. We cannot find harmless error in this due process violation. *Page 166