Filed 4/21/22  Marriage of Andrea M. and Gary M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of Andrea M. and Gary M.<br><br>ANDREA M.,<br>　　　Respondent,<br>v.<br><br>GARY M.,<br>　　　Appellant. | A163665<br><br>(Contra Costa County<br>Super Ct. No. MSD18-03631) |

After Gary M. and Andrea M. divorced, the family court ordered that their son should attend an elementary school in Moraga, near Andrea's home.  Gary appeals from that order, contending that the court violated his rights by failing to take live testimony, relying exclusively on declarations, and denying his request to hold a trial.  In addition, he argues that the court's order was not supported by sufficient evidence.  We conclude that his contentions lack merit and therefore affirm.

### BACKGROUND

Subsequent to their divorce, Gary and Andrea shared joint custody of their son, S., who resided with each of them on an alternating basis.  Gary resided at their former marital residence in Martinez, while Andrea moved out and eventually settled in Moraga.  In Moraga, Andrea lived with her fiancé, who had a daughter who attended elementary school there.

1

Gary and Andrea were unable to agree on the elementary school S. should attend beginning his kindergarten year. The trial court appointed a private recommending mediator to assist the parties in resolving ongoing parenting disputes, including the school question.

Gary preferred a school located in Pleasant Hill, but Andrea wanted to enroll S. at the school in Moraga that her fiancé's daughter was attending. The mediator recommended that S. be enrolled in the Pleasant Hill school. We grant Andrea's unopposed request to augment the record with the mediator's confidential recommendation. (See Cal. Rules of Court, rules 8.155(a)(1)(A), 8.45(d)(2).)

Because Andrea disagreed with the mediator's recommendation, she requested an order from the court that S. attend the Moraga school. In two declarations filed with the court, Andrea asserted that the Moraga school was a better choice because S. would be able to attend school with her fiancé's daughter as well as the child she was expecting with her fiancé (who would be S.'s half-sibling). In addition, she contended that the Moraga school was more highly rated than the Pleasant Hill school. In his own declaration, Gary asserted that the Pleasant Hill school was preferable because, as a result of its location between the parties' respective residences, S. would spend less time in the car. He also contended that the Pleasant Hill school had a strong reputation and S. would attend school there with other children from his community.

Andrea's declarations also presented evidence of allegedly abusive communications she had received from Gary. One exhibit she submitted contained text messages that he allegedly sent to her and the mediator that were laced with obscenities and, among other things, appeared to refer to Andrea as a "mentally ill[,] racist abuser." Andrea asserted that Gary's conduct demonstrated that he was motivated by anger and a desire for control rather than their son's best interests.

The court held a hearing on the school question in July 2021. Andrea was represented by counsel, and Gary proceeded pro per. During the hearing, the court made clear that the issues involving the obscene text messages were "absolutely separate[]" from the school question. After hearing from both parties, the court determined that it would be in S.'s best interest to be enrolled at the Moraga elementary school.[1]

## DISCUSSION

### A.

Gary contends that the trial court violated his rights by relying on Andrea's declarations and denying him the opportunity to present live testimony. We disagree.

Family Code section 217 provides that, absent stipulation by the parties or a finding of good cause, a trial court hearing a motion shall receive live testimony that is relevant and competent. (Fam. Code, § 217, subds. (a)-(b).) Here, the court swore in both parties, received testimony from Andrea, and provided Gary with multiple opportunities to present his information to the court. After the court allowed Gary an initial chance to present his testimony and argument, the court directly asked Gary why he believed his preferred school was in S.'s best interest. The court subsequently gave Gary another opportunity, asking him: "[w]hat is your objection to the [Moraga] school itself as not being in [S.]'s best interest?" Later in the hearing, the

---

[1] We grant Andrea's unopposed motion to strike two documents in Gary's appendix – an email dated September 29, 2021 and a school document dated November 16, 2021. These documents were not properly included in the appendix because they postdate the July 17, 2021 order under appeal and therefore were not in the record before the trial court. (See *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 381; Cal. Rules of Court, rule 8.124(g).) We deny as unnecessary Andrea's request that we strike or disregard portions of Gary's briefs that lack record support or refer to matters outside the record.

court asked Gary two more times whether there was any additional information he wished to share concerning the school issue. At no time did Gary inform the court that he wished to question Andrea or present any other testimony.[2]

Gary contends that the trial court denied him the ability to cross-examine Andrea and present other testimony, but the court never denied any request to present additional testimony at the hearing. Because the court received live testimony from both parties and no other live testimony was offered, we find no error. We likewise reject Gary's related argument that because he was denied the ability to cross-examine Andrea, the court was required to exclude her declarations.

Gary also asserts that the trial court erred in relying on Andrea's declarations because they were never formally admitted into evidence. (See *In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 591 & fn. 3.) However, as we discuss below in addressing his challenge to the merits of the court's order, Gary is unable to establish prejudice from the court's consideration of the declarations because there was substantial evidence based on Andrea's live testimony alone. (See *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 697.)

Gary's due process challenge (raised in his reply brief) to the court's reliance on Andrea's declarations fails for the same reason. (See *In re Vanessa M.* (2006) 138 Cal.App.4th 1121, 1132.) In any event, we reject, as unsupported by the record, Gary's argument that the court violated his due process rights

---

[2] In his reply brief, and without citation to the record, Gary alleges that he did not realize he could present live testimony because the court's family law facilitator's office advised him that he would not be able to call witnesses or cross-examine Andrea during the hearing. To the extent he contends that his rights were violated because court employees provided him with erroneous advice, we are unable to adjudicate his contention because it relies on matters that are outside the appellate record.

because he "was never afforded the opportunity to challenge [the declarations] or even present a case."  Gary does not dispute that he was served with Andrea's declarations prior to the hearing or that he filed a responsive declaration.  Further, as discussed, he was provided a hearing during which he was free to make arguments and objections, present testimony, and cross-examine Andrea on the substance of her declarations.

Gary is also mistaken that the trial court's consideration of Andrea's declarations was tantamount to improperly conducting a private investigation.  He relies on cases holding that it violates due process for a court to conduct its own ex parte investigation and rely on confidential reports not provided to the parties.  (See, e.g., *Conservatorship of Schaeffer* (2002) 98 Cal.App.4th 159, 163-165.)  Here, the court neither conducted its own investigation nor took any ex parte actions.  Gary's contention is wholly without merit.

## B.

Gary incorrectly argues that the trial court erred in denying his request for a trial.

When he made the request during the hearing, which took place a few weeks before the beginning of the school year, the court interrupted him and explained that it would not continue the matter because S. needed to start school in four to six weeks.  Although Gary contends that he was unable to name the witnesses he wished to call at trial because of the court's interruption, the court did give him a chance to elaborate on the basis for his request.  The court asked Gary point blank: "what is it that you think would come out at a trial that you aren't having the opportunity to provide me now?"  Gary's only response indicated that he believed a trial was necessary because the court had mentioned the obscene text messages.

In denying the request, the court explained that the text messages were irrelevant to the school question.  The court

5

reiterated that S. needed to start kindergarten in a matter of weeks, and that S., the school, and both parents all needed to prepare for that. In addition, the court reasoned that it was not possible at that late date to hold the trial before the first day of school. Under these circumstances, the court acted well within its discretion in denying Gary's last minute request. (Cf. *Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 25-26.)

## C.

Gary contends that the trial court abused its discretion in concluding that enrolling S. at the Moraga school would be in his best interest. We disagree.

Under the abuse of discretion standard, we may reverse only if there is no reasonable basis to support the trial court's decision concerning the child's best interest. (*In re Marriage of Melville* (2004) 122 Cal.App.4th 601, 610.) We review the factual findings supporting the trial court's exercise of discretion for substantial evidence. (*Id.* at pp. 611-612.)

Here, Gary fails to acknowledge, let alone address, the trial court's reasons for concluding that attendance at the Moraga school would be in S.'s best interests. Among other things, Andrea testified at the hearing that her fiance's daughter – who would be S.'s step-sister upon Andrea's re-marriage – attends the Moraga school and would be entering fourth grade at the time S. entered kindergarten. Andrea also testified that she and her fiancé had recently welcomed the birth of S.'s half-sister, who was one month old at the time of the hearing. Based on this uncontested evidence, the court reasonably concluded that attending the Moraga school would be in S.'s best interest because he would be able to attend the same school as his siblings.

Neither did the trial court abuse its discretion in reaching a different conclusion than the mediator concerning S.'s best interest. The parties agreed to have a mediator make a recommendation, but retained the right to request a court order if

6

they were dissatisfied with the recommendation.  The court is free to reach a decision independent of the mediator's recommendation so long as the court's decision is within its discretion and rests on substantial evidence – as was the case here.  (See *In re Marriage of DeRoque* (1999) 74 Cal.App.4th 1090, 1096.)

## DISPOSITION

The order is affirmed.

7

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

NEEDHAM, J.

A163665