[Civ. No. 12573. Fourth Dist., Div. One. Aug. 28, 1973.]

D. JOANE WHEELER, Plaintiff and Respondent, v.
LLOYD WHEELER, Defendant and Appellant.

## COUNSEL

Rose, Rockwell & Mann and Frank A. Rockwell for Defendant and Appellant.

Crandall Condra for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Defendant, Lloyd Wheeler, appeals the denial of his motion to modify a judgment of divorce by changing custody of his younger son Kevin from Joane Wheeler to himself.

Joane and Lloyd are parents of two sons, Shaun, born February 20, 1960, and Kevin, born September 13, 1962. Joane was given custody of the children July 21, 1964, with Lloyd having reasonable visitation rights. Lloyd married Sharon in 1966, and Joane married Luther Landrum in 1969.

On April 6, 1972, Landrum and Lloyd had an altercation when Lloyd was late picking up the boys for a weekend visit. Lloyd filed for custody of both children April 11. On April 13 the Landrums and the Wheeler boys moved to Wyoming. Joane was unable to control Shaun and sent him to his father after a few days in Wyoming. Joane stipulated custody of Shaun should be given to Lloyd, and the court issued a stipulated order for a probation study "for the purpose of informing the court regarding modification" of Kevin's custody. Lloyd wrongfully took Kevin from Wyoming the end of May. The study, under Civil Code section 4602 which provides a probation officer shall investigate custody and file a report which "may be considered by the court," was prepared by Probation Officer Miriam Clark. She interviewed witnesses, obtained reports of a psychological study on Kevin and of interviews with the Landrums and Kevin. She recommended Joane retain custody of Kevin.

Lloyd's motion for modification of Kevin's custody was heard July 24, 1972. The Landrums came from Wyoming to be present. The court stated it had read the probation investigation report, the report from Big Horn County Department of Public Assistance investigating the Landrums, and the psychological evaluation of Kevin. The court declared: "I am prepared to make a decision based on the information contained in those reports. However, before doing so, I will hear an offer of proof from either party, if they would like to augment the record."

Lloyd made an offer of proof of testimony from five witnesses, including Probation Officer Clark who was available in court. He asked the court to hear the witnesses in order that his position might be properly presented. Joane opposed hearing the witnesses stating, among other things, the stipulation was entered into "to avoid the time-consuming expense of oral evidence"; she also opposed the court hearing any oral evidence. The court rejected the offer of proof as not materially changing the picture in the probation officer's report. It re-awarded custody of Kevin to his mother after weighing the probation officer's recommendation, Kevin's expressed wish, and the legislative policy, "other things being equal, custody should be given to the mother if the child is of tender years" (this phrase was omitted from Civ. Code, § 4600, Stats. 1972, ch. 1007, p. 1855, § 1).

After Lloyd's counsel announced he would appeal because the court denied his presenting witnesses, the court cited Evidence Code section 352 which allows the court, in its discretion, to exclude evidence if its probative value is substantially outweighed by the probability it will be unduly time-consuming. The court determined the evidence "would be cumulative and an unreasonable burden upon the court."

Code of Civil Procedure section 263 declares investigators in domestic relations cases ". . . shall be present at the trial . . . , and may be called to testify by the judge or either party as to any matter which they have investigated. The testimony . . . shall be subject to questions direct and cross which are proper, and shall be competent as evidence."

Civil Code section 4602 authorizes the court to direct a custody investigation. It does not require the presence of the probation officer in court, but the omission does not necessarily conflict with the provisions of Code of Civil Procedure section 263.

"Due process of law requires . . . each party (a) receive a copy of the [probation officer's] report, (b) be given an opportunity to cross-examine the investigative officer and to subpoena and examine persons whose hearsay statements are contained in the report, and (c) be permitted to introduce evidence by way of rebuttal. . . . To deny a litigant the right to cross-examine a witness who testifies against him is a denial of due process of law [citations]." (*Long* v. *Long,* 251 Cal.App.2d 732, 736 [59 Cal.Rptr. 790].) (The court was speaking of reports under Welfare and Institutions Code section 582 but the reasoning is applicable.)

The court denied due process of law to Lloyd when it refused to allow him to examine Mrs. Clark. It based its decision partly upon her report, and Lloyd was entitled to examine the bases for her unfavorable recommendation. The court minutes state the probation report was received in evidence. It was prepared under Civil Code section 4602 which provides it may be received in evidence; the court used it in reaching its decision, and there was no motion to strike. Lloyd had a right to confront Mrs. Clark. He need not have made an offer of proof to cross-examine her on the report (Evid. Code, § 354; *Tossman* v. *Newman,* 37 Cal.2d 522, 525-526 [233 P.2d 1]; see *People* v. *Coleman,* 8 Cal.App.3d 722, 727 [87 Cal.Rptr. 554]).

Joane argues Lloyd has suffered no stigma and would not be injured if he tried to show changed circumstances in another custody motion. But unjust treatment "should not be compounded by requiring [him] to overcome in new proceedings implied findings . . . arrived at on an improper record" (*In re Marriage of Russo,* 21 Cal.App.3d 72, 94 [98 Cal.Rptr. 501]).

The matter should be heard again. The circumstances leading up to these proceedings *and* the present circumstances of the child should be reviewed in order to determine to whom custody should be given (*In re Marriage of Russo, supra,* 21 Cal.App.3d 72).

The order is reversed. The case is remanded for further proceedings in harmony with this decision.

Ault, J., and Cologne, J., concurred.