[No. AO18674. First Dist., Div. Four. Mar. 1, 1983.]

THOMAS J. McLAUGHLIN, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
LINDA LEE McLAUGHLIN, Real Party in Interest.

474

---

COUNSEL

Arthur Brunwasser for Petitioner.

Douglas S. Paris for Real Party in Interest.

Schapiro & Thorn and Pamela E. Pierson as Amici Curiae.

---

OPINION

RATTIGAN, J.—Civil Code section 4607 requires prehearing mediation of child custody and visitation disputes in marital dissolution proceedings conducted pursuant to the Family Law Act. (Civ. Code, pt. 5, commencing with § 4000.) The statute also provides that, if the parties fail to agree in the mediation proceedings, the mediator "may, consistent with local court rules, render a recommendation to the court as to the custody or visitation of the child or children" involved. Pursuant to this provision, respondent superior court has adopted a "local court rule," or policy, which (1) requires the mediator to make a recommendation to the court if the parties fail to agree in the mediation proceedings, but (2) prohibits cross-examination of the mediator by the parties. We hold in this original proceeding that the policy is constitutionally invalid in significant respects.

The record in the proceeding supports the following recitals:

Petitioner Thomas J. McLaughlin and real party in interest Linda Lee McLaughlin were married in 1969. They have three children, whose ages range between 6 and 13 years. The following events occurred in 1982: On May 17, petitioner filed a petition in respondent court for dissolution of the marriage. He requested in it, among other things, that he be awarded custody of the children. Real party in interest filed a response in which she requested the court to award "joint legal" custody of the children and their "physical custody" to her.

On June 10, petitioner applied to respondent court for an order granting temporary custody of the children to him and reasonable visitation rights to real party in interest. On the same date, the court issued an order to show cause in which the questions of temporary custody and visitation were set for hearing on June 30. Real party in interest filed a responsive declaration in which she requested an order granting temporary custody to her and "[r]easonable visitation to petitioner."

The hearing on the order to show cause was commenced on June 30 as scheduled. When it was called, petitioner's counsel recited his understanding that the pending issues of temporary custody and visitation were to be "referred for mediation." Counsel also stated his view that "the mediation procedure[,] insofar as it allows the mediator to make a recommendation to the Court, and bars the introduction of any testimony from the mediator about what the parties tell him or her[,] is unconstitutional as a denial of his right to cross-examine." On that ground, counsel in effect moved for a "protective order" which would permit mediation proceedings, but which would provide that if they did not result in agreement by the parties, on the issues of temporary custody and visitation, the mediator would be prohibited from making a recommendation to the court unless petitioner were guaranteed the right to cross-examine the mediator.

Speaking to the motion, the court pointed out that Civil Code section 4607 "required" that "a contested custody or visitation matter . . . be preceded . . . by a session of mandatory mediation . . . under the new 1980 law."[1] The court also pointed out that the required mediation proceedings were to be

---

[1]It is undisputed that the court's reference to "the new 1980 law" was to Civil Code section 4607, which was added to title 4 of the Family Law Act in that year. (Stats. 1980, ch. 48, § 5, pp. 133-134.) The statute reads in pertinent part as follows (italics added):

"4607. (a) Where it appears on the face of the petition or other application for an order or modification of an order for the custody or visitation of a child or children that either or both such issues are contested, as provided in Section 4600, 4600.1 or 4601, the matter *shall* be set for mediation of the contested issues prior to or concurrent with the setting of the matter for hearing. The purpose of such mediation proceeding shall be to reduce acrimony which may exist between the parties and to develop an agreement assuring the child or children's close and continuing contact with both parents after the marriage is dissolved. The mediator shall use his or her best efforts to effect a settlement of the custody or visitation dispute.

"(b) Each superior court shall make available a mediator. Such mediator may be a member of the professional staff of a family conciliation court, probation department, or mental health services agency, or may be any other person or agency designated by the court. In order to provide mediation services, the court shall not be required to institute a family conciliation court. . . .

"(c) Mediation proceedings shall be held in private and shall be confidential, and all communications, verbal or written, from the parties to the mediator made in a proceeding pursuant to this section shall be deemed to be official information within the meaning of Section 1040 of

conducted "before the court of conciliation."[2] In an exchange with counsel which followed, the court denied the motion on the ground that the "protective order" requested would violate a policy the court had adopted pursuant to Civil Code section 4607, subdivision (e). (See fn. 1, *ante.*)

The exchange produced clarification of petitioner's motion. It also included the only available description of respondent court's policy, which has apparently not been memorialized in a written rule. For these reasons, we quote pertinent passages of the exchange in the margin.[3]

After the court had denied the motion, counsel for both parties agreed to a continuance of the hearing on temporary custody and visitation. They also

---

the Evidence Code.

"(d) The mediator shall have the authority to exclude counsel from participation in the mediation proceedings where, in the discretion of the mediator, exclusion of counsel is deemed by the mediator to be appropriate or necessary. . . .

"(e) The mediator *may, consistent with local court rules,* render a recommendation to the court as to the custody or visitation of the child or children. The mediator *may,* in cases where the parties have not reached agreement as a result of the mediation proceeding, recommend to the court that an investigation be conducted pursuant to Section 4602, or that other action be taken to assist the parties to effect a resolution of the controversy prior to any hearing on the issues. The mediator *may,* in appropriate cases, recommend that mutual restraining orders be issued, pending determination of the controversy, to protect the well-being of the children involved . . . . Any agreement reached by the parties as a result of mediation shall be reported to the court and to counsel for the parties by the mediator on the day set for mediation or any time thereafter designated by the court. . . ."

[2]This reference established that respondent court has elected to maintain a "family conciliation court" pursuant to the Family Conciliation Court Law (Code Civ. Proc., pt. 3, tit. 11.5, ch. 1, commencing with § 1730; see *id.,* § 1733); and that mediation proceedings required in respondent court by Civil Code section 4607 are conducted by personnel of its family conciliation court pursuant to subdivision (b) of that statute. (See fn. 1, *ante.*)

[3]"THE COURT [addressing Mr. Brunwasser, petitioner's counsel]: Some counties, as you probably know, do not permit or require a recommendation from the mediator in the event the parties are unable to agree. Some do. This county [i.e., respondent court] does, and therefore, I'm not prepared to give you the protective order you wish. The court feels that in the event the mediator were free to testify as to any of the matters mediated, that is[,] the substance of the matter as gleaned from the mediation session, . . . certainly you would have the right to cross-examine the mediator.

"However, our instructions as a matter of court policy to the mediators are that they are not to state the basis for their . . . recommendation. . . . In short, the recommendation of the mediator is simply . . . a recommendation to the court without any statement of underlying basis. . . . That's the way we do business here. . . .

"MR. BRUNWASSER: . . . I have no objection to mediation. What I have an objection to is a procedure which allows the mediator . . . to communicate with the court and not be subject to defend [*sic*] his or her opinion by cross-examination.

"THE COURT: I understand that. I hope you equally understand that it is our policy to require a recommendation if the mediation is unsuccessful. It's a starting point which enables the court . . . [,] in the absence of other evidence, to make an interim order based upon the opinion of the trained counselor, and it's a procedure we opted for when this law was enacted. We're satisfied that the law permits that, and so your motion for a protective order is denied."

agreed that custody would remain in "status quo" pending further proceedings. On July 6, respondent court filed a formal order in which it directed mediation of the pending issues pursuant to Civil Code section 4607, subdivision (a); denied petitioner's motion for a protective order; and continued the hearing on the pending issues to August 11.[4]

On July 30, petitioner commenced the present proceeding by petitioning this court for a writ of prohibition restraining respondent court from "taking any further actions to enforce its order filed July 6, 1982 requiring petitioner and real party to submit their temporary custody dispute to mediation" in the absence of a "protective order" to the effect that the mediator could not make a recommendation to the court unless petitioner were permitted to cross-examine the mediator. (See fn. 4, *ante.*) Petitioner also asked this court to stay the mediation proceedings pending disposition of his petition.

On August 10, this court summarily denied the petition and the request for a stay. In a petition for hearing filed in the Supreme Court on August 16, petitioner again requested a temporary stay of the mediation proceedings in respondent court. In a later communication to the Supreme Court, he stated that respondent court had meanwhile set the hearing on temporary custody and visitation for August 24. Petitioner in effect requested that the Supreme Court make an order temporarily staying the hearing in the absence of a protective order barring a recommendation to respondent court by the mediator.

On August 18, the Supreme Court made an order temporarily staying the August 24 hearing without qualification. On August 25, it made an order in which it granted the petition for hearing; returned the cause to this court with directions to issue an alternative writ; and ordered that the stay granted on August 18 was to remain in effect "pending final determination of this matter."[5]

---

[4]The formal order filed on July 6 read in pertinent part:

"It Is ORDERED as follows:

"1. It appearing that there is a contested issue over child custody, the Court orders the parties to report to the Family Conciliation Court for mediation pursuant to the mandatory provisions of Civil Code § 4607(a) [i.e., section 4607, subdivision (a)].

"2. Petitioner's motion for a protective order barring the mediator from rendering a recommendation to the Court for temporary custody and visitation[,] unless petitioner is afforded an opportunity to cross-examine the mediator, is denied.

"3. Further hearing . . . is continued to August 11, 1982, at 9:00 a.m. . . . ."

[5]The Supreme Court's order of August 18 read in pertinent part: "Pending determination of the petition for hearing filed herein, the hearing scheduled for August 24, 1982 in the respondent court in action No. 264286 . . . is hereby stayed."

The order made on August 25 read in pertinent part: "Petition for hearing GRANTED. The matter is transferred to this court and retransferred to the Court of Appeal, First District, Division Four, with directions to issue an alternative writ of prohibition . . . . [¶] The stay heretofore granted August 18, 1982 shall remain in effect pending final determination of this

This court issued an alternative writ of prohibition which provided for the filing of "the written return, if any." With leave of this court, the California Chapter of the Association of Family and Conciliation Courts filed a brief amicus curiae. Amicus expressly disclaimed "taking a position in support of either side," but provided us with detailed information showing the practices followed by some superior courts relative to mediation proceedings conducted pursuant to Civil Code section 4607. (See fn. 7, *post.*) Real party in interest did not file a return to the alternative writ. Recognizing the desirability of an adversary proceeding, we requested respondent court to file a return. The court complied, and it appeared through counsel at oral argument. Amicus curiae and real party in interest also appeared at the argument.[6]

## *Review*

It may first be mentioned that we did not state reasons in our order summarily denying the petition in the first instance, but that we denied it on the basis of our views and that the mediation proceedings should be permitted to run their course; that the petition was essentially premature unless and until it were made to appear that a recommendation by the mediator might be forthcoming because the parties had failed to agree; and that the challenge raised in the petition would be rendered moot if the parties agreed in fact. The Supreme Court obviously disagreed with these views, but the possibility of mootness persists because that court did not stay the mediation proceedings. (See fn. 5, *ante.*) The court having nevertheless directed us to consider the petition on its merits, we disregard any possibility of mootness on the ground that the issue presented is one of broad public interest and is likely to recur. (*Libertarian Party* v. *Eu* (1980) 28 Cal.3d 535, 539 [170 Cal.Rptr. 25, 620 P.2d 612]; *City of Monterey* v. *California Coastal Com.* (1981) 120 Cal.App.3d 799, 806 [174 Cal.Rptr. 798].)

Civil Code section 4607, subdivision (a), clearly requires prehearing mediation of child custody and visitation disputes in marital dissolution proceedings. (See fn. 1, *ante.*) Subdivision (e) of the statute is also clear to the effect that the mediator "may, consistent with local court rules," make a recommendation to the court on either issue, or both, if the parties fail to reach agreement in the mediation proceedings. Subdivision (e) does not require or authorize disclosure to the parties of a recommendation made by the mediator to the court, nor of the mediator's reasons; it neither requires nor

matter."

The Supreme Court having stayed only the hearing set for August 24, it appears at this point that the mediation proceedings ordered by respondent court on July 6 (see fn. 4, *ante*) have not been stayed at any time.

[6]It was stipulated at the argument that the petition was to be deemed a traverse of respondent court's return. It was also stipulated in effect that the information provided by amicus curiae could be considered by this court for all purposes.

authorizes cross-examination of the mediator by the parties, which would necessarily require or bring about disclosure of the recommendation and the reasons for it; and the statute's express deference to "local court rules" has the effect of making disclosure and cross-examination matters of local option.

As we have seen, respondent court has exercised this option by adopting a policy which requires that the mediator make a recommendation to the court if the parties have failed to agree on child custody or visitation in the mediation proceedings; requires that the mediator *not* state his or her reasons for the recommendation; and denies the parties the right to cross-examine the mediator on the ground that the reasons have not been disclosed to the court. (See fn. 3, *ante.*) Amicus curiae has shown us that one large metropolitan superior court follows an entirely different procedure, and that another has adopted a policy which is essentially similar to respondent court's.[7]

The feature of respondent court's policy which prohibits cross-examination of the mediator is consistent with the provision in subdivision (c) of the statute that the mediation proceedings "shall be confidential." (See fn. 1, *ante.*) The

---

[7]Amicus curiae describes the practice of the Los Angeles County Superior Court without documentation, but without dispute by any party to this proceeding, as follows: Where prehearing mediation proceedings have been conducted in that court pursuant to Civil Code section 4607, and where the parties have not agreed on child custody or visitation (or both), the court (1) neither receives nor permits a recommendation by the mediator and (2) proceeds to hear and determine the contested issue or issues without referring to the unsuccessful mediation process in any way.

Amicus curiae has filed declarations showing the related practice followed in the Superior Court for the City and County of San Francisco. Only one of the declarations shows what happens when the parties fail to agree on custody or visitation in a mediation proceeding conducted in that court. The declaration was executed by a judge of the court, who states in pertinent part:

"On the morning of an initial hearing in which there is an issue of custody or visitation," the parties and a mediator are brought together. A "mediation session" is conducted at that time, after the mediator has talked to the parties' attorneys. "If there has been no agreement" at the session, the mediator "tells the attorneys in the presence of the parties what her [*sic*] recommendation is for the duration of the mediation," which is to continue at subsequent sessions. ". . . [N]o report is made to the attorneys nor to the court by the mediator, that is, there is no discussion of the factual detail which was presented."

When the initial hearing is called on the same day, the parties' attorneys communicate the mediator's recommendation to the court. "At that time, the court inquires of the attorney who disagrees with the recommendation as to why there is a disagreement and why they [*sic*] feel that the recommendation should be something other than what the mediator had suggested. This commentary is then considered and the court makes an order to be in effect during the mediation period. At this hearing, if either attorney wants an adversary hearing on temporary custody or visitation, a hearing date is given to them for that adversary hearing, usually to take place within two to three weeks . . . ."

This (appellate) court interprets the statement last quoted in the second paragraph (*supra,* commencing with "[N]o report is made . . .") to mean that the mediator's reasons for his or her recommendation are not disclosed to the parties, the attorneys, or the court when the recommendation is made in the first instance. This declaration fairly shows that the court makes the initial order on temporary custody or visitation without permitting cross-examination of the mediator. The declaration does not show whether cross-examination of the mediator is permitted at any later hearing.

requirement that the mediator not state to the court his or her reasons for the recommendation is consistent with the provision in subdivision (c) which protects the confidentiality of the parties' "communications" to the mediator by making them "official information within the meaning of Section 1040 of the Evidence Code." (See *ibid.*)[8] The facts remain that the policy permits the court to receive a significant recommendation on contested issues but denies the parties the right to cross-examine its source. This combination cannot constitutionally be enforced.

In *Fewel* v. *Fewel* (1943) 23 Cal.2d 431 [144 P.2d 592], the plaintiff had appealed from successive child custody orders made by a trial court in a divorce action. (*Id.*, at p. 433.) The order which was "controlling" had been "based exclusively on the *recommendation* of a court investigator . . . ." (*Ibid.* [original italics].) The Supreme Court further described the recommendation, and held, as follows: "The recommendation . . . is a recommendation for an order *and nothing more.* It contains no statement of facts or of *the reasons* for the conclusions suggested. The investigator was *not present for cross-examination.* . . . [¶] Such procedure cannot be sustained. By it the plaintiff was *denied the fair trial in open court* to which she was entitled; . . . she was *precluded from cross-examination of adverse witnesses* . . . . Such errors require a reversal of the order." (*Fewel* v. *Fewel, supra,* 23 Cal.2d 431 at p. 433 [italics added].) The "errors" had included actions and omissions by the trial court in addition to the denial of the right to cross-examine the investigator. (See *ibid.*) The *Fewel* court nevertheless made it clear that the denial of that right alone was reversible error, holding further: "The reports of . . . investigators should be presented . . . under oath, and an investigator, upon timely demand by any party, *must appear like any other witness and testify* subject to the rules of evidence and *the right of cross-examination.* It definitely is not the province of investigators to make a *private* . . . *recommendation* to the judge, or any recommendation independent of the evidence on which it is based." (23 Cal.2d 431 at p. 436 [italics added].)

The applicability of these holdings to the comparable situation presented in respondent court is obvious. In *Long* v. *Long* (1967) 251 Cal.App.2d 732 [59 Cal.Rptr. 790], the Court of Appeal followed *Fewel* as the basis for finding reversible error in a situation which was not materially distinguishable. (*Id.*, at pp. 735-736.) The *Long* court explicitly cited *Fewel* as authority for the statement that "[t]o deny a litigant the right to cross-examine a witness who testifies against him is a denial of due process of law." (*Id.*, at p. 736.) Another Court of Appeal reached the same result on comparable facts and the authority of *Fewel* and *Long. (In re George G.* (1977) 68 Cal.App.3d 146, 156-157 [137

---

[8]The provisions here quoted were apparently adapted from language in the Family Conciliation Court Law (see fn. 2, *ante*) which similarly controls in conciliation proceedings conducted pursuant to that enactment. (See Code Civ. Proc., § 1747.)

Cal.Rptr. 201]; see also *Wheeler* v. *Wheeler* (1973) 34 Cal.App.3d 239, 241-242 [109 Cal.Rptr. 782]; *Dahl* v. *Dahl* (1965) 237 Cal.App.2d 407, 414 [46 Cal.Rptr. 381]; on the right of cross-examination as an essential element of due process, see 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 293, par. (3), p. 3583 [citing *Fewel*]; see also Evid. Code, § 711; Witkin, Cal. Evidence (2d ed. 1966) §§ 1071 [pp. 993-994], 1197 [pp. 1105-1106].)

Respondent court contends that the enforcement of its policy prohibiting cross-examination of a mediator who makes a recommendation to it is constitutionally permissible because only "temporary" child custody and visitation are involved and "due process is not required at every stage of a proceeding." The language of Civil Code section 4607, subdivision (a), fairly imports that the mediation proceedings directed by it will most frequently involve custody and visitation rights which are "temporary" in the sense that they are to be resolved in the underlying marital dissolution proceeding pendente lite. (See fn. 1, *ante*.) The showing made by amicus curiae supports the conclusion that this is true of the mediation proceedings ordered in a typical case.

However, the word "temporary" does not appear in Civil Code section 4607. ■ We are not at liberty to interpolate it, by construction, because in construing a statute "a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language." (*People* v. *One 1940 Ford V-8 Coupe* (1950) 356 Cal.2d 471, 475 [224 P.2d 677]; *Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202, 210 [172 Cal.Rptr. 30]; see also Code Civ. Proc., § 1858.) ■ In all events, any child custody or visitation order made in a marital dissolution proceeding is "temporary" in the sense that it may be modified on an adequate showing of changed conditions. (See, e.g., *In re Marriage of Carney* (1979) 24 Cal.3d 725, 729-731 [157 Cal.Rptr. 383, 598 P.2d 36, 3 A.L.R.4th 1028].) The constitutional infirmities in respondent court's policy are such that it may not be enforced on the theory that only "temporary" custody or visitation are involved. (See *In re George G.*, *supra*, 68 Cal.App.3d 146 at p. 157.)

Subdivision (a) of Civil Code section 4607 provides that contested issues of child custody and visitation "shall" be referred to prehearing mediation proceedings. (See fn. 1, *ante*.) Subdivision (e) of the statute provides that the mediator "may, consistent with local court rules," make a recommendation to the court if the parties fail to agree in the proceedings. (See *ibid.*) The use of the opposing verb forms in the same statute fairly reflects a legislative intent that the first provision is to be construed as mandatory and the second as permissive. (See Code Civ. Proc., § 1859; *Estate of Mitchell* (1942) 20 Cal.2d 48, 51 [123 P.2d 503]; *Lara* v. *Board of Supervisors* (1976) 59 Cal.App.3d 399,

410-411 [130 Cal.Rptr. 668].) Construction of the second provision as permissive is also supported by its express deference to "local court rules."

■ "If 'the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution.' [Citations.]" (*Metromedia, Inc.* v. *City of San Diego* (1982) 32 Cal.3d 180, 186 [185 Cal.Rptr. 260, 649 P.2d 902].) ■ We are therefore to construe the permissive language of Civil Code section 4607, subdivision (e), in such manner as will comport with the requirements of due process discussed above. It follows that the mediator designated by respondent court may not make a recommendation to the court subject to a "local court rule," or policy, which prohibits either party from calling the mediator and cross-examining him or her at a hearing on the contested issue or issues covered by the recommendation. (*Fewel* v. *Fewel, supra,* 23 Cal.2d 431 at pp. 433, 436.) For purposes of the present proceeding, it further follows that the mediator "may" not make a recommendation to respondent court in the absence of the protective order sought by petitioner, which will guarantee him the right to cross-examine the mediator.

These conclusions permit the mediation proceedings which Civil Code section 4607 requires where child custody or visitation are contested. They also permit the mediator to make a recommendation to the court if the proceedings do not produce agreement, but only if the parties are guaranteed—or waive —the right to cross-examine the mediator and other rights essential to due process. (See *Fewel* v. *Fewel, supra,* 23 Cal.2d 431 at pp. 433, 436.) Our conclusions are consistent with our duty to harmonize the provisions of subdivisions (a) and (e) of the statute without doing violence to its salutary purposes. (See Code Civ. Proc., § 1859; *In re Bandmann* (1958) 51 Cal.2d 388, 393 [333 P.2d 339]; *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 977 [138 Cal.Rptr. 220].) In addition, it has been shown in the present proceeding that disparities among "local court rules" adopted pursuant to subdivision (e) have had the effect of guaranteeing due process in some superior courts but not in others. (See fn. 7, *ante.*) Our conclusions will terminate this effect, which the Legislature obviously did not intend.

Our conclusions also establish that petitioner is entitled to extraordinary relief from the enforcement of respondent court's policy. He has sought a writ of prohibition, which would lie if the infirmities in the policy reflected an excess of jurisdiction. (Code Civ. Proc., § 1102; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 15 [pp. 3790-3791], 39 [p. 3813].) ■ Enforcement of the policy would be reversible error, but not for want of jurisdiction. (*Fewel* v. *Fewel, supra,* 23 Cal.2d 431 at pp. 436-437.) The appropriate remedy is therefore a writ of mandate. (See Code Civ. Proc., §§ 1085-1086; 5

Witkin, Cal. Procedure, *op. cit.,* §§ 61 [pp. 3838-3839], 69 [p. 3847], 183-184 [pp. 3942-3943].)

The writ of mandate ordered below permits the mediation proceedings to be conducted as previously ordered by respondent court. It also directs that the court *not* receive a recommendation from the mediator, as to any contested issue on which agreement is not reached, unless (1) the court has first made a protective order which guarantees the parties the rights to have the mediator testify and to cross-examine him or her concerning the recommendation or (2) the rights have been waived.

A peremptory writ of mandate consistent with this opinion will issue.

Caldecott, P. J., and Poché, J., concurred.

On March 31, 1983, the opinion was modified to read as printed above.