[No. D005281. Fourth Dist., Div. One. Sept. 25, 1987.]

COUNTY OF SAN DIEGO, Plaintiff and Appellant, v.
RICHARD A. BOUCHARD, Defendant and Respondent.

---

**COUNSEL**

Edwin L. Miller, Jr., District Attorney, Ralph J. Fear and James Romo, Deputy District Attorneys, for Plaintiff and Appellant.

John C. van Benthem for Defendant and Respondent.

---

**OPINION**

**HUFFMAN, J.***—Appellant County of San Diego (County) on behalf of Barbara A. Bouchard appeals the court's denial of its request for a wage assignment pursuant to Civil Code[1] section 4701, subdivision (*l* ).[2]

### FACTUAL AND PROCEDURAL BACKGROUND

Barbara and Richard Bouchard were married in 1968 and divorced in 1977. The interlocutory judgment of dissolution of marriage required Richard to pay $100 per month for the support of the couple's minor child. When Barbara began receiving aid to families with dependent children (AFDC), County filed an order to show cause re modification of child support.[3] After hearing, the court found Richard's net monthly income was

---

*Assigned by the Chairperson of the Judicial Council.

[1] All statutory references are to the Civil Code unless otherwise specified.

[2] Civil Code section 4701, subdivision (*l* ) was amended effective January 1, 1987, and reads as follows: "(*l* ) Notwithstanding subdivisions (a) and (b), in any case where support is ordered to be paid through the district attorney for those purposes, or upon the district attorney's or obligor's request, the court shall issue an order for a wage assignment pursuant to this section.

"In any such case in which an arrearage is alleged, the party ordered to pay support may move to quash the order for wage assignment in the manner specified in subdivision (b), but a finding of error in the amount of the arrearage is not sufficient in and of itself to quash the wage assignment for that portion of the obligor's wages withheld to pay current support.

"As used in this subdivision, 'wage assignment' has the same meaning as 'assignment' and 'wage assignment' in subdivisions (a) and (b)."

[3] Under Welfare and Institutions Code section 11477, once Barbara began receiving AFDC, she was required to assign to County any rights to support from any other person she

$1,498 and ordered him to pay $269 per month for child support to the San Diego County Department of Revenue and Recovery. County asked the court to make the child support payable by an assignment of Richard's wages under section 4701, subdivision ($l$). The court denied County's request ruling section 4701, subdivision ($l$) impermissibly abrogates the discretion given to the court by section 4701, subdivisions (a) and (b).

## DISCUSSION

 County contends the court erred in ruling section 4701, subdivision ($l$) repeals or otherwise unlawfully impairs the application of section 4701, subdivisions (a) and (b). County further contends the court abused its discretion in failing to follow the dictates of section 4701, subdivision ($l$) and instead relying on subdivisions (a) and (b) to deny its request for a wage assignment.

In denying County's request for a wage assignment, the court reasoned subdivision ($l$) of section 4701 was contrary to subdivisions (a) and (b). Because the court was unable to reconcile those sections, it found it could still exercise its discretion to deny the wage assignment. We conclude on the facts here the court was required to grant County's request for a wage assignment.[4]

At the time of the hearing, section 4701, subdivision (a) (amended Jan. 1, 1987) provided as follows: "In any proceeding where the court has ordered either or both parents to pay any amount for the support of a minor child, the court may order either parent or both parents to assign to either the person to whom support has been ordered to have been paid or the county officer designated by the court to receive the payment, that portion of salary or wages of either parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for the support, maintenance, and education of the minor child. The order shall operate as an assignment and

---

had in her own behalf or in behalf of any other family member for whom she is receiving aid, and which have accrued at the time such assignment is made. County's request for modification of child support on behalf of Barbara was made pursuant to Welfare and Institutions Code section 11484 which provides that the district attorney may apply to the superior court for an order directing the noncustodial parent to show cause why the amount of support previously ordered should not be increased.

[4] Although sections 4701, subdivisions (a) and ($l$) have been amended since this case was heard in the trial court, the issues raised by this appeal are of continuing importance. The section as currently written continues the basic legislative scheme as it existed prior to January 1, 1987.

The current section 4701, subdivision ($l$) still mandates wage assignment where support is paid through the district attorney (in lieu of "county officer" under the old law) or upon request of the district attorney. Thus our interpretation of the previous version of section 4701, subdivision ($l$) will give guidance for future applications of this statute.

shall be binding upon any existing or future employer of the defaulting parent upon whom a copy of the order is served. Any such order may be modified or revoked at any time by the court."

Section 4701, subdivision (b)(*l*) provided: "Notwithstanding the provisions of subdivision (a), in any proceeding where the court has ordered either or both parents to pay any amount for the support of a minor child, upon a petition signed under penalty of perjury by the person or county officer to whom support has been ordered to have been paid that the parent so ordered is in arrears in payment in a sum equal to the amount of one month of the payment within the 24-month period immediately preceding filing of the petition with the court, the court shall issue without notice to the parent ordered to pay support an order requiring the parent ordered to pay support to assign either to the person to whom support has been ordered to have been paid or to a county officer designated by the court to receive the payment, that portion of the salary or wages of the parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for the support, maintenance, and education of the minor child. Such an order shall operate as an assignment and shall be binding upon any existing or future employer of the parent ordered to pay support upon whom a copy of the order is served. [¶] The petition shall state the number of previous times a petition for assignment has been filed pursuant to this subdivision and the county in which any such petition was filed."

Section 4701, subdivision (*l*) provided: "Notwithstanding subdivisions (a) and (b), in any case where support is ordered to be paid through the county officer designated by the court for those purposes, or where the district attorney requests, the court shall order a wage assignment pursuant to this section."

Here, because Richard was not in arrears, subdivision (b) is inapplicable. The issue before the superior court was whether to apply the discretionary provision of subdivision (a) or the mandatory provision of subdivision (*l*).

■ Under basic rules of statutory construction, a statute "[s]hould be construed so as to harmonize its various elements without doing violence to its language or spirit. Wherever possible, potentially conflicting provisions should be reconciled in order to carry out the overriding legislative purpose as gleaned from a reading of the entire act. [Citation.] A construction which makes sense of an apparent inconsistency is to be preferred to one which renders statutory language useless or meaningless. [Citation.]" (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].)

██ Although subdivision (a) states the court *may* order a wage assignment and subdivision (*l*) states the court *shall* order a wage assignment, these "potentially conflicting provisions" can readily be reconciled by reference to the entire statutory scheme of which they are a part. (See *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) Under section 4702, where the court orders child support payable to a parent receiving welfare moneys for the maintenance of minor children, the court is required to direct the support payments be made to the county officer designated for that purpose. Once the court directs the support payments to be made to the county pursuant to this section, it must do so by wage assignment pursuant to section 4701, subdivision (*l*). The discretionary provision of section 4701, subdivision (a) does not apply when the custodial parent is receiving welfare moneys.[5]

This interpretation is supported by the clear language of subdivision (*l*) stating "[n]otwithstanding subdivisions (a) and (b)," the court shall order a wage assignment where support is ordered to be paid through the county. By using the exclusionary term "notwithstanding," the Legislature was aware it was taking away from the court subdivision (a)'s discretion to order a wage assignment in situations where the custodial parent is receiving public assistance. ██ "Under statutes providing that something may be done, and under certain circumstances shall be done, the verbs carry their natural meanings, for under any other construction the phrase stating conditions under which the thing shall be done would be void." (2A Sutherland, Statutory Construction (Sands 4th ed. 1984) § 57.11, pp. 665-667.) "Shall" is mandatory and "may" is permissive. (Cal. Rules of Court, rule 1202(a)); *McLaughlin* v. *Superior Court* (1983) 140 Cal.App.3d 473, 482 [189 Cal.Rptr. 479].)

██ Further, a specific statutory provision relating to a particular subject will govern, as against a general provision, in matters concerning that subject. (Code Civ. Proc., § 1859; *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 976-977, fn. 8 [140 Cal.Rptr. 669, 568 P.2d 394].) ██ Subdivision (a) covers wage assignments generally and subdivision (*l*) covers wage assignments in specific cases where support is ordered to be paid through the county. Thus, subdivision (*l*) controls.

Here, because Barbara was receiving AFDC, the court was required to direct child support payments be made to the Department of Revenue and

[5] The legislative limit on judicial discretion expressed by subdivision (*l*) is rational. Collections under that section are for the benefit of the public in that they are payable to a county officer for reimbursement of public funds paid for the aid of dependent children. Hence, a legislative mandate to use the most direct method of securing that reimbursement is clearly related to achievement of a valid public purpose.

Recovery under section 4702. Because child support is payable to the Department of Revenue and Recovery section 4701, subdivision (*l*) mandates such payments be by wage assignment.

The claimed conflict between subdivisions (a) and (*l*) of section 4701 arises from a portion of subdivision (a) which reads: "[T]he court *may* order either parent or both parents to *assign* to either the person to whom support has been ordered to have been paid or the county officer designated by the court to receive the payment. . . ." (Italics added.) The language is viewed by respondent as discretionary and in conflict with the mandatory provision of subdivision (*l*). There is no conflict.

Subdivision (a) is an enabling provision which authorizes wage assignments payable to county officers among others. Subdivision (*l*) limits the court's discretion as to *when* a wage assignment must be ordered. By use of the language "notwithstanding subdivision (a) and (b) . . ." the Legislature has evidenced an awareness that subdivision (*l*) serves a different purpose than subdivision (a). The sections are entirely compatible with each other.

If we were to accept the interpretation urged by Richard and followed by the superior court, we would be rewriting subdivision (*l*) so as to make that subdivision discretionary. Such a construction would do violence to the language and spirit of section 4701. Moreover, it would violate legislative intent if subdivision (a) rendered subdivision (*l*) meaningless. A more reasonable way to harmonize these two subdivisions is to assume subdivision (*l*) applies where, as here, child support is to be paid to the county because the custodial parent is receiving public assistance. (See § 4702.) Accordingly, the court should have ordered a wage assignment under section 4701, subdivision (*l*).

■ Finally, Richard contends, without citation of authority, that section 4701, subdivision (*l*) impermissibly vests judicial discretion in the district attorney. Section 4701, subdivision (*l*) provides two events that act to limit judicial discretion regarding wage assignments—when the funds are payable to a county officer and when the district attorney requests a wage assignment. In this case, the funds were payable to a county officer since the custodial parent was receiving AFDC. Therefore the request by the district attorney added nothing to the independent statutory duty of the trial court to order a wage assignment. We need not decide whether, in a nonwelfare case where the noncustodial parent is not in arrears on payments, the

district attorney can require the trial court to order a wage assignment. Such a case is not before us.

## DISPOSITION

Order reversed.

Kremer, P. J., and Butler, J., concurred.