Filed 12/15/25  Sisti v. Callahan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL SISTI,<br><br>    Respondent,<br><br>    v.<br><br>ERIN CALLAHAN,<br><br>    Appellant. | D085189<br><br><br><br>(Super. Ct. No. 21FL009420S) |

APPEAL from an order of the Superior Court of San Diego County, James T. Atkins, Judge.  Affirmed.

Erin Hermes (formerly Erin Callahan), in pro. per., for Appellant.

No appearance for Respondent.

## I.  INTRODUCTION

Erin Callahan (Mother) appeals the family court's order adopting a family court services counselor's recommendation to give Michael Sisti

(Father) sole legal and physical custody[1] of Mother and Father's daughter (Daughter), with visitation to Mother.  Mother contends the family court erred by denying Mother the right to cross-examine the counselor at an evidentiary hearing and by denying Mother's request for a continuance to facilitate that cross-examination and to present expert testimony.  On the appellate record before us, Mother — who is representing herself on appeal — has not met her burden as the appellant to show that the family court erred.  Accordingly, we affirm the order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Mother and Father lived together from 2014 to 2020 and have one child together — Daughter, who is now 9 years old.

In 2021, Father initiated this case by filing a petition against Mother for custody and support as to Daughter.  The litigation has been contentious.

---

[1]   In its report, Family Court Services (FCS) recommends the court order that Daughter "primarily reside with father."  The Family Code recognizes only joint physical custody, where parents share almost equal time with the children (Fam. Code, § 3004; *Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 664), or sole physical custody, with or without visitation to the other parent (Fam. Code, § 3007).  We use the statutory terms in this opinion.  Further statutory references are to the Family Code unless otherwise indicated.

[2]   We summarize the relevant factual and procedural background based only on evidence in the appellate record.  (See *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8 [" 'Factual matters that are not part of the appellate record will not be considered on appeal.' "].)

### A. Mother's Motion

On May 6, 2024, Mother filed a "request for order" seeking a change in custody and visitation.[3]  Mother asserted in her motion that the family court awarded Father sole physical and legal custody of Daughter in February 2023 and granted Mother unsupervised visitation in February 2024. Mother's motion requested that the court grant her joint legal and physical custody.

The court set Mother's motion for hearing on July 26, 2024, and ordered the parties in the meantime to attend an FCS mediation on June 25, 2024.  (§ 3170, subd. (a) [mediation of custody matters is mandatory].)

### B. Counselor's Report

On July 3, 2024, the FCS counselor filed a report recommending that legal and sole physical custody of Daughter remain with Father and that Mother have supervised visitation.  The counselor also recommended that Mother and Daughter participate in conjoint therapy.

### C. Father's Response

On July 9, 2024, Father filed a responsive declaration to Mother's motion in which he requested that the court adopt the counselor's recommendation.  Father recounted recent events regarding Mother's resistance to, and eventual discontinuation of, her court-ordered conjoint counseling with Daughter, which led the court to require that Mother's visitations be supervised.  Father stated Mother had not scheduled any

---

[3]    "In the family law context, a request for order is the equivalent of a motion." (*In re Marriage of Reichental* (2021) 73 Cal.App.5th 396, 403–404.) For simplicity, we will refer to Mother's request as a motion.

visitations since the court imposed the supervision requirement. Father accused Mother of (1) misleading the court regarding these events, (2) concealing from Father the fact that Daughter had accused Mother's new husband of sexual abuse, and (3) falsely accusing Father of domestic abuse. Father suspected Mother suffered from "significant mental health issues."

### D. Mother's Reply

On July 19, 2024 — over two weeks after the counselor filed her report and one week before the scheduled hearing — Mother filed a notice stating she intended to call the counselor as a witness at the hearing to elicit "testimony as to all relevant issues before the court." Mother asserted in a supporting memorandum that she "intend[ed] to cross-examine the [counselor] as to the reasons for their recommendation" and that "[t]here is no good cause to deny" a subpoena for the counselor.

On July 23, 2024, Mother filed a reply declaration denying Father's accusations. Mother explained she had not attended conjoint therapy because she could not afford to pay for a counselor, and she had not scheduled any visitations "because the court . . . linked conjoint counseling and visitation." Mother disagreed with the counselor's recommendations and challenged the factual bases for them. Mother stated she "need[ed] an evidentiary hearing . . . to present expert testimony" regarding the parents' competing claims about the other's manipulation of Daughter.

On July 24, 2024, Mother filed a notice of lodgment indicating she had served the counselor with a trial subpoena on July 22, 2024 (four days before the hearing).

4

## E.     Family Court's Ruling

The July 26, 2024 hearing was not reported.  The family court's minutes state that Mother and Father were "sworn and examined."  The minutes also reflect that the court adopted the counselor's recommendation (sole legal and physical custody to Father, with supervised visitation for Mother) as an order of the court and denied Mother's request for a continuance and evidentiary hearing.

The court reiterated its ruling in a September 9, 2024 Findings and Order After Hearing, which attached the relevant portions of the counselor's report.

## F.  Settled Statement

Mother appealed the family court's ruling and — because the hearing was not reported — proceeded on appeal with a settled statement.  (See Cal. Rules of Court,[4] rule 8.137(a).)

The settled statement identifies the following reasons for Mother's appeal:  "I requested a continuance for an evidentiary hearing to cross examine the [counselor].  The court was notified that a subpoena was served to the counselor for her to appear, however my request to cross examine was denied."

The settled statement provides the following summary of evidence presented at the hearing:  "Both parties were present and sworn.  The court does not recall the specifics of the testimony presented."

The settled statement sets forth the family court's findings as follows:

---

[4]     Further rule references are to the California Rules of Court unless otherwise indicated.

5

The court considered the six factors under California Rules of Court 5.113(b) and denied [Mother]'s request for an evidentiary hearing to take live testimony based upon a weighing of those factors. The court found that the factors did not favor granting an evidentiary hearing, especially considering the following. The court found that there was no good cause for a continuance of the 7/26/24 [hearing] for the purpose of setting an evidentiary hearing because [Mother] had filed a "Notice of Intent to Adduce Oral Testimony" on July 19, 2024 seeking to take testimony from the FCS counselor on the day of the hearing on 7/26/24. Yet, at the hearing on 7/26/24, [Mother] requested a separate evidentiary hearing for the purpose of taking that FCS counselor's testimony on a future date. The court also found that [Mother] had not complied with Family Code Section 217. Altogether, the factors under [rule] 5.113(b) did not favor continuing the 7/26/24 hearing to set a separate evidentiary hearing to take live testimony.

## III. DISCUSSION

### A. Appellate Principles

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609

6

(*Jameson*).)  These principles apply even when, as here, no respondent's brief is filed.  (See *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192, fn. 7; rule 8.220(a)(2).)

"Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186; see *Jameson, supra,* 5 Cal.5th at p. 608.)  "When oral proceedings are not reported or cannot be transcribed, an appellant may proceed by way of a settled statement in lieu of a reporter's transcript."  (*Von Nothdurft v. Steck* (2014) 227 Cal.App.4th 524, 534 (*Von Nothdurft*); rule 8.137, subd. (a).)  "A settled statement is a summary of the superior court proceedings approved by the superior court."  (Rule 8.137(a).)  "The purpose of a settled statement is to provide the appellate court with an adequate record from which to determine contentions of error."  (*In re Marriage of Fingert* (1990) 221 Cal.App.3d 1575, 1580.)

A settled statement "must" contain "a statement of the points the appellant is raising on appeal."  (Rule 8.137(d)(1).)  "Failure to include issues in the settled statement precludes the appellant from raising them on appeal."  (*Von Nothdurft, supra,* 227 Cal.App.4th at p. 534; see rule 8.137(d)(1).)  A settled statement "must" also include "a condensed narrative of the oral proceedings" relevant to the appeal.  (Rule 8.137(d)(2).)  "The condensed narrative must include a concise factual summary of the evidence and the testimony of each witness relevant to the points that the appellant states [in the settled statement] are being raised on appeal. . . . Any evidence . . . not included will be presumed to support the judgment or order appealed from."  (Rule 8.137(d)(2)(A).)

These rules of appellate procedure apply whether an appellant is represented by counsel or is self-represented.  (*Nwosu v. Uba* (2004)

122 Cal.App.4th 1229, 1247; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

### B. The Family Court Did Not Err in Denying Mother's Requests to Cross-examine the FCS Counselor and for a Continuance

In her appellate briefing, Mother challenges the family court's denial of her request to cross-examine the FCS counselor and the court's denial of her request to continue the evidentiary hearing to facilitate that cross-examination and to present expert testimony. Because the settled statement's stated reasons for the appeal pertain only to the counselor and do not mention expert testimony in any respect, we address only Mother's challenges pertaining to the counselor. (See *Von Nothdurft, supra*, 227 Cal.App.4th at p. 534; rule 8.137(d)(1).) We conclude Mother has not met her burden to show error.

#### 1. Relevant Legal Principles

"Under . . . section 217, at a hearing on any request for order brought under the Family Code, absent a stipulation of the parties or a finding of good cause . . . , the court must receive any live, competent, and admissible testimony that is relevant and within the scope of the hearing." (Rule 5.113(a); see § 217, subd. (a); *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 390 (*Hearn*).) This includes live testimony from an FCS counselor. (See *McLaughlin v. Superior Court* (1983) 140 Cal.App.3d 473, 480, 483 [holding that a local court rule that required counselors to submit recommendations without supportive reasoning and prohibited cross-examination of the counselor violated due process]; Super. Ct. San Diego County, Local Rules, rule 5.11.2.D [specifying a subpoena process for calling FCS counselors as witnesses].)

8

"In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony." (§ 217, subd. (b).) Rule 5.113(b) lists factors, "[i]n addition to the rules of evidence," that "a court must consider . . . in making a finding of good cause to refuse to receive live testimony under Family Code section 217." These factors are: "(1) Whether a substantive matter is at issue . . . such as child custody . . . ; [¶] (2) Whether material facts are in controversy; [¶] (3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses; [¶] (4) The right of the parties to question anyone submitting reports or other information to the court; [¶] (5) Whether a party offering testimony from a non-party has complied with Family Code section 217[, subdivision] (c);[5] and [¶] (6) Any other factor that is just and equitable." (Rule 5.113(b)(1)–(6).)

"If the court makes a finding of good cause to exclude live testimony, it must state its reasons on the record or in writing. The court is required to state only those factors on which the finding of good cause is based." (Rule 5.113(c); see § 217, subd. (b); *In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 582 (*Cohen*).)

"[T]he right to live testimony under section 217 may be forfeited." (*Hearn*, *supra*, 94 Cal.App.5th at p. 390; see *Cohen*, *supra*, 89 Cal.App.5th at p. 582; see also *D.Z. v. L.B.* (2022) 79 Cal.App.5th 625, 632 [recognizing that due process rights can be forfeited].)

---

5    Section 217, subdivision (c) provides: "A party seeking to present live testimony from witnesses other than the parties shall, prior to the hearing, file and serve a witness list with a brief description of the anticipated testimony. If the witness list is not served prior to the hearing, the court may, on request, grant a brief continuance and may make appropriate temporary orders pending the continued hearing."

"We review the trial court's determination of good cause for abuse of discretion." (*Hearn, supra*, 94 Cal.App.5th at p. 390.)

### 2. Analysis

On the record before us, Mother has not shown that the family court abused its discretion in denying her requests to cross-examine the FCS counselor or for a continuance to facilitate that examination.

First, to the extent Mother complains that the family court denied her the opportunity to cross-examine the counselor at the scheduled July 26, 2024 hearing, it appears from the settled statement that Mother chose not to do so, instead requesting that the court set yet another evidentiary hearing for that purpose. Specifically, the settled statement reports that Mother "had filed a [notice] on July 19, 2024 seeking to take testimony from the FCS counselor on the day of the hearing on [July 26, 2024]," but "at th[at] hearing . . . requested a separate evidentiary hearing for the purpose of taking that . . . counselor's testimony on a future date." By choosing not to examine the counselor at the scheduled hearing, Mother forfeited her right to do so. (See *Hearn, supra*, 94 Cal.App.5th at p. 390; *Cohen, supra*, 89 Cal.App.5th at p. 582.)

Second, even if Mother did not forfeit her right to question the counselor at this hearing, the family court acted within its discretion in finding good cause existed to exclude the live testimony. The settled statement explains that the family court "considered the six factors under [rule] 5.113(b) and denied [Mother]'s request . . . based upon a weighing of those factors," concluding they "did not favor granting an evidentiary hearing" on this issue. Without a reporter's transcript or a more detailed settled statement, we do not know the precise good cause findings the family court made. But we can infer from the arguments in Mother's appellate

10

briefing that the family court cited specific good cause factors at the hearing. For example, Mother argues the court erred "in agreeing with [Father] that there were no material facts in dispute." This corresponds to "[w]hether material facts are in controversy." (Rule 5.113(b)(2).) As another example, Mother asserts that "[d]uring the hearing it was brought up that granting [her] request for an evidentiary hearing would be costly." This consideration qualifies as a "factor that is just and equitable." (Rule 5.113(b)(6).) At bottom, without a reporter's transcript or a "condensed narrative" in the settled statement that "include[s] a concise factual summary of . . . the testimony of each witness" — Mother and Father were both "sworn and examined" at the hearing — we must "presume[]" their testimony "support[s] the judgment or order appealed from." (Rule 8.137(d)(2)(A).)

Accordingly, we conclude Mother has not shown the family court denied her the opportunity to cross-examine the counselor at the July 26, 2024 hearing.

We likewise conclude Mother has not met her burden to show the family court abused its discretion by denying her request for a continuance. (See *Agnew v. Parks* (1963) 219 Cal.App.2d 696, 700 [the family court " 'has a wide discretion in granting or denying continuances, and its decision is not disturbed on review unless a clear abuse of discretion is shown' "].) To begin, Mother cites no authority identifying the standards that govern requests for continuances. This alone is fatal to her challenge. (See *In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255 [" 'The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' forfeited."]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 165, fn. 6 [" '[A]n appellant is required to not only cite to valid legal authority, but also explain how it applies in [the] case.' "].)

11

Nor has Mother made a persuasive showing on the merits. For example, Mother asserts she needed a continuance because "[t]he [counselor] was not available on the date of the hearing." But Mother cites no evidence in the appellate record to support this claim, as required. (See rule 8.204(a)(1)(C) [appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; *American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 284 [the appellant's "burden on appeal of demonstrating that the trial court abused its discretion . . . includes supporting factual assertions by providing appropriate references to the record" (citation omitted)].)

We note also that Mother's notice of lodgment advised the family court that Mother served the subpoena on the FCS counselor only four days before the hearing. However, San Diego Superior Court Local Rules require that a party seeking to a subpoena an FCS counselor to testify must "confirm[] . . . the counselor's availability" and "serve[] . . . the subpoena at least 10 calendar days before the hearing." (Super. Ct. San Diego County, Local Rules, rule 5.11.2.D.1.)

As another example, Mother argues she needed a continuance because the July 26, 2024 hearing "was on a standard calendar with only an hour to hear [the] case," while "[c]ross examination would have taken nearly [two] hours on a case like this." The record shows, however, that Mother's notice of intent to call the counselor estimated the testimony would take "30 minutes."

In short, Mother has not met her burden as the appellant to show that the family court erred by denying her requests to cross-examine the FCS counselor at the July 26, 2024 hearing or for a continuance to facilitate that examination.

12

## IV.  DISPOSITION

The order is affirmed.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.